Fred Carl ROCK, Appellant,

v.

STATE of Indiana, Appellee.

No. 780S214.

Supreme Court of Indiana.

Oct. 29, 1981.

Rick L. Jancha, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary. The trial court sentenced appellant to twenty (20) years imprisonment.

Appellant claims the evidence is insufficient to sustain the verdict. He argues the evidence is inadequate because of inconsistencies in the testimony regarding identification. This Court does not weigh the evidence or judge the credibility of witnesses. We look only to the evidence most favorable to the State, together with all reasonable and logical inferences drawn therefrom. We will not disturb the jury's verdict if there is substantial evidence of probative value to support their determination. *Himes v. State*, (1980) Ind., 403 N.E.2d 1377.

The record discloses that Michael Wilson, upon returning home, noticed an automobile parked in the street with its engine running and the horn blowing. As he approached his home's entrance, he saw the side door was open. When he entered the

house he was confronted by a person he identified as the appellant. Appellant was carrying Wilson's pistol in a shoulder holster. When a second person exited by the front door, Wilson lunged at appellant. Appellant dropped the gun and ran into the street. Wilson picked up the gun and began firing at appellant. Appellant fell to the ground on the third or fourth shot. He then got to his feet holding his arm, and entered the waiting car, however, it was later discovered he had not been wounded by the gunfire.

Wilson selected appellant's photograph from an array displayed by the police. Wilson and appellant had once lived in the same neighborhood. Approximately six months previous to the burglary, Wilson had given appellant a ride while he was hitchhiking.

■ Appellant emphasizes that Wilson and another witness gave inconsistent statements regarding the color of the burglar's clothing and that appellant was neither wounded nor scarred. Inconsistencies in evidence are to be weighed by the jury. *Hill v. State*, (1979) Ind., 394 N.E.2d 132. We hold there is ample evidence in this record to sustain the verdict of guilty.

■ Appellant claims the trial court erred in denying his motion for mistrial, dismissal, and suppression of certain photographs. He bases his argument on the failing of the State to comply with a discovery order. The order included production of all photographs.

A police lieutenant supplied the defense counsel with five photographs; however, one of the photographs which had been displayed to Wilson was not included and another photograph was mistakenly provided. During trial, appellant's attorney argued that this failure to comply with the discovery order had prejudiced him.

The trial court in overruling appellant's motion for mistrial, dismissal, and suppression of the evidence stated:

"I can't see any prejudice sufficient to declare a mistrial in this case.

"There obviously has been an administrative error on the part of the state. It is an administrative error that could have been corrected had it been called to somebody's attention. And apparently, no request was made for clarity.

"In essence, I would be permitting, without intending to impune [sic] anyone's motive—if a mistrial is justifiable under these circumstances, it would permit a defense attorney who chose to, upon discovering an administrative error, to sit back until the time of trial and use an easily-cured error for the basis of a mistrial. I cannot believe that the law so requires. I don't believe there has been sufficient prejudice upon which to grant a mistrial.

\*      \*      \*      \*      \*      \*

"I would be happy to exclude them [the photographs] if I saw some prejudice to the defense, but I am again unable to see such prejudice."

The trial judge is in the best position to determine if any harm has been sustained by noncompliance with an order for discovery. He, likewise, is in the best position to determine what judicial acts may alleviate or eliminate the damage. His decision should not be overturned absent clear error. *Reid v. State*, (1978) Ind., 372 N.E.2d 1149.

In the case at bar, the issue is without merit. The State had possession of the photographs. Appellant had access to them at any time previous to trial and during the noon recess. He did not move for a continuance or demonstrate prejudice or bad faith by the prosecutor, nor is there any showing that he was misled or surprised. Appellant's contention that Wilson would have been unable to correctly identify all photographs in the display is irrelevant. Wilson had recognized appellant from past association during the burglary and had unhesitatingly chosen appellant's photograph at the police station. We find no error in the trial court's overruling of appellant's motion for mistrial, dismissal, and suppression of the evidence.

■ Appellant claims the trial court erred in denying his motion for mistrial on

the grounds the State failed to provide a copy of a Waiver of Rights form pursuant to the discovery order. He further argues testimony by the police officer to lay a foundation for the admittance of the waiver form was an improper comment on his Fifth Amendment right to remain silent. The trial court's refusal to admonish the jury to disregard that testimony and denial of his motion for mistrial are alleged to be erroneous.

After the state withdrew the line of questioning, the trial court stated in overruling the motions:

"I think there's been no testimony regarding a statement. The sole evidence has been that this witness read State's No. 11 to the defendant and he signed it.

\* \* \* \* \* \*

"I see nothing to admonish the jury from regarding or disregarding. And, once again, I see no reason for the purpose of, the mistrial."

The record indicates the statements of the trial judge were correct. We therefore hold no error was committed in this regard.

 Appellant claims the trial court erred by instructing the jury:

"You will see that these instructions do not contain any information concerning the penalties that could be imposed upon a conviction. In this case, I am solely responsible for assessing the penalty within a broad range of possibilities. The law has been so written that you may make your decisions without being influenced by the apparent severity or lenience of the sentence."

Appellant argues the underlined phrase is in essence a comment upon the penalty and would cause the jurors to speculate on punishment, diverting their attention from the issue of guilt or innocence. The instruction is a correct statement of the law. It specifically charges the jury to disregard the penalty. There was no error in giving this instruction.

Appellant claims the trial court erred in allowing jurors to take copies of instructions into their deliberations. The trial court excised all portions that identified the instructions as being the defendant's, the State's or the Court's. All instructions were read in the presence of appellant, his attorney, and the prosecutor. This Court has previously stated: "Although jury instructions are generally not to be sent to the jury room during deliberations, this Court has held that it is harmless error to do so if the crucial requirement of first reading the instructions in open court in the presence of the parties and their attorneys was met." *Wofford v. State*, (1979) Ind., 394 N.E.2d 100 at 106. We hold the error of sending the instructions to the jury room was harmless.

The trial court is in all things affirmed.

All Justices concur.