**Samuel Lee PAIGE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 281S41.**

Supreme Court of Indiana.

Nov. 10, 1982.

J. Frank Hanley, II, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of two counts of Commission of Felony While Armed with a Deadly Weapon, to-wit, Aggravated Assault and Battery, Ind.Code § 35–12–1–1, Ind.Code § 35–13–3–1 (Burns 1975) and was sentenced to thirty (30) years imprisonment. This belated appeal seeks review upon two issues.

(1) Whether the trial court erred in admitting certain photographs into evidence.

(2) Whether the trial court erred in denying Defendant's motion for a directed verdict at the close of the State's evidence.

On July 17, 1975, off-duty Fort Wayne policeman Keith Murray and Defendant came to blows in Zachery's Bar. At the bartender's request, Murray assisted by Kiser, ejected Defendant from the Bar. Murray finished drinking a beer and, with two partially full beer bottles in his hand, left the tavern. As he exited, the defendant confronted him and shot him in the neck. Defendant then shot Dennis Kiser, one of the men who had helped eject the defendant from the bar, as he exited from Zachery's.

At trial, Defendant testified that he shot Murray because he had a beer bottle in each hand and "I figured he'd of jumped on me before I said anything like he did before." Numerous witnesses testified concerning the altercation in the Bar and the subsequent shooting.

\*    \*    \*    \*    \*    \*

## ISSUE I

Defendant argues that the trial court erred in admitting three photographs showing blood stains immediately outside the entrance to the Bar. He contends that there was no showing that the stains resulted from the shooting, that they were cumulative, without relevance and served only to inflame and prejudice the jury. The State responds that the exhibits were admissible to show the scene of the shooting and that the beer bottles which Murray carried were not empty.

■ The admission of photographs is within the sound discretion of the trial court and will not be disturbed, except for an abuse of that discretion. *Crane v. State,* (1978) 269 Ind. 299, 380 N.E.2d 89. If a photograph is material and relevant, the fact that it might inflame a jury is not, standing alone, sufficient to justify its exclusion from evidence. Photographs of the scene of the crime are admissible even if cumulative of one another, if they are competent and relevant aids to understanding the evidence and to orienting the jurors to the scene of the crime. *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482. The photographs in the case at bar showed that an attack had occurred immediately outside the entrance to the Bar and that bottles broken in the attack had contained substantial amounts of beer. The photographs corroborated the testimony of the victim and other witnesses that the assault was unprovoked and that victim had carried the bottles because he intended to consume their contents and not because he intended to use them as weapons.

■ The photographs corroborated the testimony concerning the location of the shooting, its impact on Murray, and Murray's resting position in the tavern entranceway immediately following the shooting. Defendant does not deny the assaults and that Murray and Kiser bled profusely as a result. The photographs were clearly relevant, and there was no error committed in admitting them.

## ISSUE II

Defendant has assigned, as error, the trial court's denial of his motion for a directed verdict at the close of the State's case-in-chief. He contends that the trial court did not take into account his assertion that he shot Murray and Kiser in self defense.

■ After the court denied the motion, Defendant introduced evidence in his defense. Thus even if Defendant's contentions had merit, he waived the error. *Ingram v. State,* (1981) Ind., 426 N.E.2d 18.

There was conflicting testimony at trial about who started the altercation between Defendant and Murray. It is undisputed that Defendant shot Murray and Kiser, and was himself untouched. Contrary to Defendant's contention that Murray had grabbed two beer bottles to use as weapons, no evidence reflects that Murray knew the defendant was waiting for him outside of the tavern. Murray and other witnesses testified that Murray had said he was leaving the tavern to finish his beer elsewhere.

■ A directed verdict for acquittal will be granted only if there is an absence of evidence upon an essential element or if the evidence supports only an inference in favor of the defendant. *Estep v. State,* (1979) Ind., 394 N.E.2d 111, *Harris v. State,* (1981) Ind., 425 N.E.2d 154. Here, there was substantial evidence of probative value from which the jury could find that the defendant shot Murray and Kiser without legal justification.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.