**Henry Lee COLEMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 382S81.**

Supreme Court of Indiana.

July 25, 1984.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Murder, a felony, Ind.Code § 35–42–1–1 (Burns 1979), Robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979), and Burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979). He was sentenced to forty (40) years imprisonment upon the Murder charge, thirty (30) years upon the Robbery charge, and thirty (30) years upon the Burglary charge, said sentences to run concurrently. In his direct appeal, Defendant raises five (5) issues for our review:

1. Whether the trial court erred in admitting into evidence State's exhibit number 21, a photograph, inasmuch as the photograph was a double exposure;

2. Whether the trial court erred in giving the State's tendered final instruction number one;

3. Whether the trial court erred in allowing the jury to take the written instructions with them for their use during deliberations;

4. Whether the trial court erred in admitting into evidence a video recording of Defendant's out-of-court statement;

5. Whether the evidence was sufficient to sustain the convictions.

The record disclosed that on October 24, 1980, Defendant and an accomplice broke into Lee Flournoy's apartment, robbed him of $36.00, and strangled him.

## ISSUE I

Thelma Osborne testified that while sitting in a van parked beside Mr. Flournoy's home on October 24, 1980, at approximately 5:30 p.m., she noticed a "light, dirty yellow or dirty beige Cadillac" with a damaged right side parked in front of the vehicle in which she was sitting. During her testimony the State showed her exhibits numbered 50, 51, and 21, all photographs of Defendant's automobile, which she identified as the one which she had observed. The State then introduced into evidence

exhibit number 21, a double exposure, which depicted the rear of the Cadillac.

■■■■ In light of the general rule that the admissibility of photographs is within the sound discretion of the trial court and that the court's determination will not be disturbed absent an abuse of discretion, *Paige v. State*, (1982) Ind., 441 N.E.2d 438, 440, we find no error. Photographs are generally admissible into evidence if the testimony concerning that which they depict would be proper. *Hyde v. State*, (1983) Ind., 451 N.E.2d 648, 650; *Hedges v. State*, (1982) Ind., 443 N.E.2d 62, 65. Osborne had testified as to the condition of the rear of the Cadillac; the photograph was relevant to corroborate her testimony. *See Forrester v. State*, (1982) Ind., 440 N.E.2d 475, 483. Moreover, she testified that, except for the double exposure, the photograph was a true and accurate representation of the automobile she had seen parked in front of Flournoy's residence. Although the photograph was not perfect, it was a fair representation of what it was intended to portray. It was not distorted such that it would confuse the jury in that the jury was aware that the photograph was a double exposure and the trial court, upon admitting the exhibit stated, "State's exhibit, 21, is admitted into evidence for whatever weight the Jury wishes to attach to it, if any." In addition, other photographs of the automobile were admitted into evidence, without objection, during the testimony of the police photographer. We fail to see how Defendant was harmed by the admission of the photograph in question, and we find no abuse of the trial court's discretion in its ruling.

### ISSUE II

In its preliminary instructions, the court instructed the jury as to the elements of murder, robbery, and burglary, and in its final instructions gave number 9 as follows:

"INSTRUCTION NO. 9

"A PERSON ENGAGES IN CONDUCT 'INTENTIONALLY' IF, WHEN HE ENGAGES IN THE CONDUCT, IT IS HIS CONSCIOUS OBJECTIVE TO DO SO.

"A PERSON ENGAGES IN CONDUCT 'KNOWINGLY' IF, WHEN HE ENGAGES IN THE CONDUCT, HE IS AWARE OF A HIGH PROBABILITY THAT HE IS DOING SO.

"YOU ARE INSTRUCTED THAT KNOWLEDGE AND INTENT, WHICH ARE ESSENTIAL ELEMENTS EXCEPT AS TO THE CHARGE OF FELONY MURDER, TO BE PROVED HEREIN, MAY BE INFERRED FROM THE FACTS OR CIRCUMSTANCES AS SHOWN BY THE EVIDENCE."

Defendant argues that the trial court erred in subsequently giving the State's final instruction number 1 as it was repetitive, placing undue emphasis upon the charge of felony murder. Instruction No. 1 is as follows:

"STATE'S INSTRUCTION NO. 1

"In felony murder cases it is not necessary to show the defendant had the specific intent to kill. But the State has the burden of proving the essential elements of the felony the defendant is charged to have been perpetrating at the time of the killing, to-wit: Robbery."

■■■■ We agree with Defendant that a trial court may not emphasize a particular phase of a case by emphasizing certain propositions of law in its instructions. *Rogers v. State*, (1979) 272 Ind. 65, 75, 396 N.E.2d 348, 355; *Johnson v. State*, (1972) 258 Ind. 683, 687, 284 N.E.2d 517, 519; *Fehlman v. State*, (1928) 199 Ind. 746, 755, 161 N.E. 8, 11. However, we do not find instructions numbers 9 and 1 to be so repetitious as to violate the substantial rights of the Defendant or become an argument of the court of one particular phase of the case. *See Parker v. State*, (1978) 267 Ind. 660, 663, 372 N.E.2d 1178, 1180 and *Pfeifer v. State*, (1972) 152 Ind.App. 315, 320, 283 N.E.2d 567, 570. As Chief Justice Givan observed in *Johnson v. State*, (1972) 258 Ind. 683, 687, 284 N.E.2d 517, 519, on rehearing, 258 Ind. 692, 288 N.E.2d 553:

"Certainly all phases of the law cannot be covered in a single instruction. By their very nature there is a certain amount of repetition in the instructions when taken as a whole. It is only when instructions are so repetitious as to place an undue emphasis on a particular point that they become improper."

## ISSUE III

Defendant assigns as error the trial court's overruling of his objection to sending the preliminary and final instructions with the jury for their use during deliberations. He argues that sending the instructions with the jury tended to exacerbate the alleged undue repetition of instructions number 9 and number 1 (see Issue II) and may have caused the jury to place unnecessary emphasis upon certain instructions inasmuch as they bore extraneous markings and notations.

The preliminary instructions are captioned as the court's instructions and bear the judge's signature, a notation that the instruction was "given," and the trial court's file stamp. The court's final instructions are similarly marked. As to instruction number 9, the notation is "given as modified." At the bottom of the instruction is a parenthetical which states: "Here insert any lesser inlcuded (sic) offenses or other instructions where applicable." The State's final instruction number 1 bears a caption revealing that the State provided it.

The accepted practice is not to allow jurors to take the written instructions with them into the jury room. *Cornett v. State*, (1982) Ind., 436 N.E.2d 765, 766 and cases cited therein. However, when the instructions were read in open court in the presence of defendant and his attorney, as they were in the case at bar, this court has found such violations of the above rule to be harmless error. *Rock v. State*, (1981) Ind., 426 N.E.2d 1320, 1322; *Wofford v. State*, (1979) 271 Ind. 518, 524, 394 N.E.2d 100, 106; *Morris v. State*, (1979) 270 Ind. 245, 247, 384 N.E.2d 1022, 1024; *Jameison v. State*, (1978) 268 Ind. 599, 602, 377 N.E.2d 404, 406.

Defendant likens the situation in the case at bar to the one presented in *Cornett v. State*, (1982) Ind., 436 N.E.2d 765, in which the trial court sent the final instructions to the jury, without first re-reading them in open court, after it had commenced deliberations. We reversed in *Cornett* for that error and also noted that the error had been compounded by the court's "giving the jury written instructions unpurged of information that might have caused the jurors to speculate upon the relative importance of any particular instructions." *Id.* at 766. *Cornett*, however, is not determinative of the issue in the case at bar in that, here, the instructions were sent with the jury as it commenced deliberations, not after they had begun. *Cornett* does not hold that extraneous markings, standing alone, require reversal. *Id.* The error in the case at bar was harmless.

Moreover, Defendant's objection to sending the instructions with the jury was phrased in general terms and did not specifically challenge the extraneous markings. Had Defendant objected upon this ground, the trial court could have excised the extraneous matter. *See Rock v. State*, 426 N.E.2d at 1322 and *Jameison v. State*, 268 Ind. at 602, 377 N.E.2d at 406.

## ISSUE IV

Defendant argues that the trial court erred in admitting into evidence a video recording of his out-of-court statement in that a proper foundation had not been laid and there had been insufficient evidence of the *corpus delicti*, independent of Defendant's inculpatory statement, to render the statement admissible.

With regard to whether a sufficient foundation had been laid, Defendant argues that two of the five foundational requirements set forth in *Lamar v. State*, (1972) 258 Ind. 504, 513, 282 N.E.2d 795, 800, and made applicable to the admissibility of a video tape in *Smith v. State*, (1979) 272 Ind. 328, 331, 397 N.E.2d 959, 962, had not been met. Specifically he argues that it

was never shown that the video tape was authentic and correct or that it was of such clarity as to be intelligible and enlightening to the jury.

 We first note that Defendant's objection at trial, "an inadequate foundation has been made under the rules of admissibility as to video tapes[,]" is too general to preserve this assignment of error for appeal. *See Hyde v. State,* (1983) Ind., 451 N.E.2d 648, 649–650; *Davidson v. State,* (1982) Ind., 442 N.E.2d 1076, 1078–1079; *Brown v. State,* (1981) Ind., 417 N.E.2d 333, 337. Nevertheless, Police Officer William Burgess testified that he took a video taped statement from Defendant, and he identified State's exhibit number 16 as that video tape. The box containing the tape bore Burgess' initials and was secured by a strap which he had placed around the box. He further testified that he had reviewed the video tape prior to trial. With respect to the challenge to the video tape's clarity, we note that the video tape was not included in the record for review by this court and that the typed transcript of the video tape, which is included as a part of the record, fails to indicate that the tape was unintelligible or otherwise unenlightening to the jury. The trial court possesses wide discretion with respect to whether the *Lamar* guidelines have been met, *Winningham v. State,* (1982) Ind., 432 N.E.2d 24, 27, and we find no abuse of discretion in the trial court's ruling.

 Defendant's claim that there was insufficient evidence of the *corpus delicti,* independent of his confession, to render the statement admissible is without merit. He does not dispute that the *corpus delicti* of a homicide was established; however, he argues that the *corpus delicti* for a felony murder requires proof of the *corpus delicti* of the underlying felony (robbery, in the case at bar), and he claims that the State failed to prove the *corpus delicti* of the robbery, independent of his out-of-court statement.

In *Fleener v. State,* (1980) Ind., 412 N.E.2d 778, the appellant presented an identical argument, and this Court held that under the felony murder statute Indiana does not require that the

" 'exact felony or attempted felony be established by evidence independent of the confession . . . . These elements may be shown by use of the confession in connection with any independent evidence in making out the case.

\*　　\*　　\*　　\*　　\*　　\*

" 'We find that there was sufficient independent evidence under the rule enunciated above to prove the corpus delicti of the crime charged in this case. The independent evidence shows that the homicide committed in this state was one of violence under the circumstances from which one could draw the conclusion that it was criminal in nature.' "

*Id.* at 781, quoting *Jones v. State,* (1969) 253 Ind. 235, 250, 252 N.E.2d 572, 580, *cert. denied,* 431 U.S. 971, 97 S.Ct. 2934, 53 L.Ed.2d 1069.

### ISSUE V

 Defendant's claim of insufficient evidence is predicated upon his argument that Defendant's out-of-court confession was improperly admitted (see Issue IV). Inasmuch as we have determined that the confession was properly admitted, this assignment of error fails.

### *SUA SPONTE* ISSUE

 We note, *sua sponte,* that the trial court erred in sentencing Defendant upon both the felony murder count and the robbery count, inasmuch as robbery was the felony relied upon in charging and proving the felony murder. When convictions for both felony murder and the underlying felony are obtained, sentencing can occur only upon the greater felony of murder. *Stewart v. State,* (1982) Ind., 442 N.E.2d 1026, 1033; *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 488; *Biggerstaff v. State,* (1982) Ind., 432 N.E.2d 34, 37. In *Biggerstaff* we wrote:

"When an indictment for murder in the commission of a felony is filed under I.C. 35–42–1–1(2) [Burns' 1979 Repl.], the in-

dictment may include an additional count for the felony itself. If the defendant is convicted of the felony murder, merger occurs and the conviction and sentencing may not occur on both counts."

*Biggerstaff v. State*, 432 N.E.2d at 37.

The case is remanded to the trial court with instructions to vacate the judgment and sentence imposed upon the conviction for robbery. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.