**Paul M. BRIM, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 982S341.**

Supreme Court of Indiana.

Dec. 10, 1984.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by the court of Robbery and Confinement, both Class B felonies, and Possession of a Sawed-Off Shotgun, a Class D felony. He was sentenced to serve concurrent prison terms of twenty (20) years for each of the Class B felonies and two (2) years for the Class D felony.

Appellant was also charged with Robbery and Confinement in a separate cause, those charges arising from the same fact situation as the instant offenses. The causes were joined by agreement and tried simultaneously. Subsequently, appellant filed separate direct appeals; because all the offenses arise from the same fact situation, we will recite the facts as relevant to

all of the charged offenses. *See Brim v. State*, (1984) Ind., 471 N.E.2d 676.

At approximately 8:50 P.M. on December 28, 1981, appellant, Kevin Flemmonds and James Watkins entered the Village Pantry at 303 South Emerson Avenue in Indianapolis. Appellant, who was armed with a shotgun, stood in the doorway and declared "this is a robbery." An employee, Kathy McDole, was ordered, along with three customers, to lie on the floor. Watkins opened the cash register with McDole's assistance. After taking all the money from the cash drawer, the three men fled.

About forty-five minutes later, the trio entered A.M.C. Liquors at 4379 North Shadeland Avenue, also in Indianapolis. Appellant, again brandishing a shotgun, demanded money from the cashier, Cynthia Johnson. He forced Johnson to lie on the floor while the other two men removed money from the cash register and bottles of liquor from the shelves.

Upon exiting, the three men encountered Ray Vickers, who was approaching the store. Appellant first ordered Vickers to reenter and remain in his van, then forced him at gunpoint to enter the liquor store. Appellant instructed Vickers to lie on the floor, where Vickers emptied his pockets and appellant forcibly removed Vickers' watch. The three men then left the liquor store.

Shortly thereafter appellant and his companions were stopped by Lawrence police in the 5300 block of North Shadeland. A search of their vehicle revealed cash, including bait money planted by Indianapolis police in the Village Pantry cash register, bottles of liquor from A.M.C. Liquors, a shotgun and a handgun. Johnson and Vickers were transported to the site and both positively identified appellant as one of the perpetrators of the liquor store robbery.

Appellant first alleges error in the trial court's denial of his motion for change of judge. He contends that the judge was biased and prejudiced because he presided at appellant's aborted guilty plea hearing and accepted a guilty plea from Flemmonds, his co-defendant, which included a factual basis implicating appellant.

A ruling on a motion for a change of judge is made within the trial court's discretion, and will be reversed only for a clear abuse of that discretion. Ind.R.Cr.P. 12; *White v. State*, (1982) Ind., 431 N.E.2d 488. On May 19, 1982, appellant filed a written plea agreement with the court. During the guilty plea hearing the court granted appellant's request to withdraw the plea. The court immediately set the cause for trial at 1:30 P.M. that day. When the court reconvened, appellant orally moved for a change of judge, which motion was denied.

The fact that a defendant has appeared before a certain judge in prior actions does not establish the existence of any bias or prejudice. *Clemons v. State*, (1981) Ind., 424 N.E.2d 113. We have previously held that the act of rejecting a plea agreement is not of itself sufficient to require a change of judge. *Id.; Meadows v. State*, (1981) Ind., 428 N.E.2d 1232. Here, appellant chose to withdraw his plea after the commencement of the guilty plea hearing. The fact that the judge presiding at that hearing also conducted appellant's bench trial was not sufficient to require a change of judge. Accordingly, we find no abuse of discretion in the denial of appellant's oral motion for change of judge.

Appellant next raises two issues relating to the admission of testimony regarding the sawed-off shotgun used in the perpetration of the charged offenses. Appellant argues the trial court erred in admitting, without adequate foundation, opinion testimony as to the length of the shotgun barrel. He further argues that if this Court concludes such testimony was inadmissible, there was insufficient evidence to establish the length element of the offense of possession of a sawed-off shotgun.

James Parish, a police officer for the City of Lawrence, testified that he measured the sawed-off shotgun with a steel ruler upon discovering it in appel-

lant's vehicle. We cannot agree with appellant that Officer Parish's testimony was an opinion. Rather, the testimony was a personal observation of the length of the barrel, and therefore did not require the foundation necessary for the admission of opinion testimony.

■ As the testimony was admissible, we cannot conclude that there was insufficient evidence to convict appellant for possession of a sawed-off shotgun. Officer Parish testified that he measured the barrel of the shotgun to be 12⅞ inches. A sawed-off shotgun is statutorily defined "as a shotgun having one or more barrels less than eighteen inches in length." Ind. Code 35–23–9.1–1 (repealed 1983, recodified as Ind.Code 35–47–1–10). There was sufficient evidence to establish the length element of the charged offense.

■ Appellant next argues that he is entitled to a new trial because the State knowingly permitted the allegedly perjured testimony of Flemmonds, his co-defendant. Flemmonds testified at appellant's trial that the shotgun belonged to appellant. Appellant asserts that he discovered, on the day after his trial, a probable cause affidavit implicating Flemmonds in a murder committed three days before the instant offenses and allegedly involving the same shotgun. Based on this affidavit, appellant asserts that the State knew the shotgun was Flemmonds'.

This argument is without merit. The officer who filed the probable cause affidavit in the murder case interviewed appellant in relation to that case. During that interview appellant stated that the shotgun belonged to him, and further that he had loaned it to one of Flemmonds' accomplices. The "newly discovered evidence" actually reinforces, rather than contradicts, Flemmonds' testimony that the shotgun belonged to appellant.

Appellant next contends the court erred in admitting State's Exhibits 1 through 7 without proper foundation. The exhibits were photographs taken by an automatic camera in the Village Pantry during the alleged robbery. Appellant asserts because the witness, Kathy McDole, was on the floor during part of the robbery she could not properly authenticate the photographs.

■ Determination of whether photographic evidence is admissible is discretionary. That determination will not be disturbed unless the court abuses its discretion. *Bridges v. State*, (1983) Ind., 457 N.E.2d 207; *Paige v. State*, (1982) Ind., 441 N.E.2d 438. Admission of photographs is preceded by the laying of an adequate foundation, which requires testimony that the pictures are a true and accurate representation of the things they are intended to portray. *Stewart v. State*, (1982) Ind., 442 N.E.2d 1026; *Brumfield v. State*, (1982) Ind., 442 N.E.2d 973.

■ McDole testified that the pictures were a true and accurate representation of the people who were in the Village Pantry at the time of the robbery. Despite her admission that she was unable to see everything that transpired during the robbery, her testimony regarding the photographs was an adequate foundation for their admission. The trial court did not abuse its discretion in admitting the controverted exhibits.

Appellant claims the trial court erred in the imposition of enhanced sentences upon his convictions for robbery and confinement. He argues that the court failed to specifically state the reasons for finding aggravating circumstances, and further that the sentences were manifestly unreasonable.

■ The court found as aggravating circumstances appellant's prior felony convictions for first-degree burglary and theft in 1976 and for receiving stolen property in 1980, both in the State of Kentucky. Consideration of a defendant's past criminal record is one of the statutorily-designated criteria for a finding of aggravating circumstances. *See* Ind.Code 35–4.1–4–7(c) (repealed 1983, recodified as Ind.Code 35–38–1–7). We find no abuse of the court's discretion in the enhancement of the sen-

tences. Neither do we find the sentences to be manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2.

The trial court is in all things affirmed.

All Justices concur.