**Paul BRIM, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 982S343.**

Supreme Court of Indiana.

Dec. 10, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in two separate causes with similar offenses all arising from the same fact situation. While the causes were tried simultaneously, appellant has subsequently filed separate direct appeals. We hereby adopt the fact recitation set out in the companion case. *Brim v. State*, (1984) Ind., 471 N.E.2d 672.

In addition to the allegations raised in *Brim, supra,* appellant alleges that the evidence in this cause was insufficient to support a finding of guilty as to the offense of confinement. His argument is essentially that because any armed robbery necessarily involves confinement, the offense of confinement is merged into the offense of robbery.

We cannot agree. Appellant cites no authority, nor are we aware of any, to support his contention. In cases involving a double jeopardy attack on the imposition of separate sentences upon conviction for robbery and confinement arising from the same transaction, we have held that the test to be applied to determine whether there are distinct offenses is whether each offense requires proof of at least one element which the other offense does not. *See, e.g., Washington v. State*, (1981) Ind., 422 N.E.2d 1218; *Bish v. State*, (1981) Ind., 421 N.E.2d 608. The statutorily defined elements of confinement, Ind.Code § 35–42–3–3(a), are clearly distinct from the elements of robbery, Ind.Code § 35–42–5–1.

McDole, the Village Pantry employee, testified that she was forced at gunpoint to move from behind the counter and lie on the floor, then was ordered to assist Watkins in opening the cash drawer and to reassume a prone position. Such testimony was sufficient to sustain a finding of guilty

on the separate and distinct offense of confinement.

All other matters raised in this appeal were also raised and disposed of in *Brim, supra.*

The trial court is in all things affirmed.

All Justices concur.