**Ollie Eugene GILLIE, Petitioner,**

v.

**H. Gene COMBS, Respondent.**

**No. TH 88–52–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Oct. 16, 1989.

Ollie Eugene Gillie, pro se.

Evelyn I. Ridley–Turner, Staff Counsel, Dept. of Correction, Office of Atty. Gen., Indianapolis, Ind., for respondent.

## MEMORANDUM

BROOKS, Chief Judge.

This matter is before the Court on the petition of Ollie Eugene Gillie for a writ of habeas corpus filed March 22, 1988. This Court has jurisdiction to decide such matter pursuant to 28 U.S.C. § 2254.

### Discussion

The petitioner is an inmate at the Indiana State Farm at Greencastle, Indiana, serving consecutive sentences of two (2) years, fifteen (15) years, fifteen (15) years, and five (5) years imposed by the Pike County

Circuit Court under Cause No. 80–CR–42 following convictions for Theft, a Class D felony, Robbery, a Class B felony, and Criminal Confinement, a Class B felony, and having been found to be a habitual offender, respectively.

Petitioner obtained review of these convictions and sentencing before the Indiana Supreme Court. In its first review of this case, that Court affirmed the Theft conviction and the habitual offender enhancement of the sentence, but reversed the Robbery and Criminal Confinement convictions, remanding to the trial court for a new trial on those matters. *See Gillie v. State*, 465 N.E.2d 1380 (Ind.1984) (*"Gillie I"*). Gillie was retried and convicted of Robbery and Criminal Confinement and was sentenced to consecutive fifteen (15) year terms for those crimes. The Supreme Court of Indiana affirmed those convictions. *See Gillie v. State*, 512 N.E.2d 145 (Ind.1987) (*"Gillie II"*).

Petitioner's well-drafted pleadings in the instant cause make clear that he presents two issues to this Court:

(1) Whether the convictions for both Robbery and Criminal Confinement constitute double jeopardy violative of the Fifth Amendment to the United States Constitution; and

(2) Whether those convictions were obtained by denying petitioner his right to confront witnesses against him, as provided in the Sixth Amendment to the United States Constitution, and whether that violation was harmless beyond a reasonable doubt.

### Double Jeopardy

Petitioner correctly states that the standard for evaluating his challenge to the convictions is the test set out in *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The same test was stated by the Indiana Supreme Court in *Brim v. State*, 471 N.E.2d 676, 677 (Ind. 1984).

In *Blockburger*, the United States Supreme Court stated:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. (Citation omitted.)

284 U.S. at 304, 52 S.Ct. at 182. The statutory provisions in the present case meet that test.

■ The Indiana Robbery statute, I.C. 35–42–5–1, provides:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear;

commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a class A felony if it results in serious bodily injury to any person other than a defendant.

The Indiana Criminal Confinement statute, I.C. 35–42–3–3, provides:

A person who knowingly or intentionally:

(1) Confines another person without the other person's consent; or

(2) Removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony. However, the offense is a Class C felony if the other person is less than fourteen (14) years of age and is not the person's child, and a Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person.

As can be seen in the statutes, Robbery requires proof of the taking of property, which is not an element of Criminal Confinement. Likewise, Criminal Confinement requires proof of confining, which is not an element of Robbery. There is ample evidence in the trial record that beyond robbing the bank, the robber also confined the bank employees by taking them into the vault and then closing the wooden door

leading into the vault. (See Transcript, pp. 369, 465) In addition, they remained there in fear for longer than the time it took for the robber to leave. (See Transcript, pp. 370, 466)

Since the crime of Robbery requires proof of an element which is not required to prove Criminal Confinement and the crime of Criminal Confinement requires proof of an element which is not required to prove Robbery, the standard set out in *Blockburger, supra,* is satisfied. There has therefore been no violation of the Fifth Amendment prohibition of double jeopardy.

### Confrontation Issue

■ In *Gillie II,* the Indiana Supreme Court's review of petitioner's retrial on the Robbery and Criminal Confinement charges, that Court determined that the use of Roger Cox's testimony from the prior trial was not proper under the Sixth Amendment's Confrontation Clause since Mr. Cox was not truly "unavailable." *Gillie II,* 512 N.E.2d at 150. Although respondent makes an off-handed and erroneous statement regarding the conclusions reached by the Supreme Court of Indiana ("The resulting nature of the inquiry for the Supreme Court of Indiana was one of an evidentiary ruling and not a violation of Petitioner's constitutional right." Memorandum in Support of Return to Order to Show Cause, p. 6), no argument is put forth challenging the finding of a violation of the Confrontation Clause. This Court agrees that it was constitutionally improper for the trial court to admit that testimony. Such a finding does not, however, end our inquiry. We must next consider the effect of that error. *See, e.g., Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Petitioner suggests that since the Indiana Supreme Court did not use the language "harmless beyond a reasonable doubt" when making its determination in this matter, its analysis was insufficient. Citing prior Indiana case law, the Indiana high court stated:

Reversal is not required for a confrontation violation where the evidence is so convincing that, absent the improperly admitted testimony, the jury could not have properly reached a different conclusion. *Brewster v. State* (1983), Ind., 450 N.E.2d 507.

512 N.E.2d at 150. The standard recited in *Gillie II* is, if anything different from the "reasonable doubt" standard, even more demanding, requiring an even higher level of assurance of the trial level evidence. As the United States Supreme Court has observed:

There is little, if any, difference between our statement ... about "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.

*Chapman,* 386 U.S. at 24, 87 S.Ct. at 828. It is clear that although couching it in different terminology, the Indiana Supreme Court made an analysis appropriate to Federal Constitutional jurisprudence. *See, e.g., Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

The factors to be considered in determining whether the error was harmless:

... include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Van Arsdall,* 475 U.S. at 684, 106 S.Ct. at 1438. In reaching its conclusion that the admission of Cox's prior testimony was harmless error, the Indiana Supreme Court made the following analysis of his testimony and its effect:

Considering the wealth of evidence against Gillie, including the identification of him by the bank employees, Cox's testimony was relatively unimportant. Cox testified that the hat allegedly worn by the robber had come from Cox's car and that Gillie had left Pike County des-

tined for Fort Wayne two days before the robbery. Cox also stated that Gillie was unemployed and had borrowed money from family members immediately before the bank robbery. And according to Cox, Gillie had telephoned from Texas shortly before his apprehension and said that he would surrender to police after he had saved enough money to hire an attorney. It is inconceivable that the jury would have come to a different result absent Cox's testimony. Consequently, the trial court's error in admitting the testimony was harmless.

512 N.E.2d at 150. Applying this assessment to the factors recited above, it is clear that the Court in *Gillie II* determined that Cox's testimony was "relatively unimportant" in the prosecution's case and that given the "wealth of evidence against" petitioner, the prosecutor's case was strong overall. Although the Court in *Gillie II* did not detail an analysis of the other factors, those factors are "readily accessible to reviewing courts" such as this by examining the trial court transcript. *Van Arsdall*, 475 U.S. at 684, 106 S.Ct. at 1438.

Cox's testimony from the prior trial was not duplicative of any other witness' testimony during the second trial. In fact, its relevance was probably greater in relation to the charges of Auto Theft which were also being tried during the original trial and therefore touched on matters not necessary for the retrial of the charges of Robbery and Criminal Confinement.

The matters to which Cox testified which were relevant to these latter charges and which were brought forth from no other witness were:

(1) The hat alleged to have been worn by the robber was in Cox's car when Gillie was in the car.

(2) Gillie was unemployed and short of money.

(3) Gillie had telephoned Cox from Texas and indicated that he knew charges were pending against him and that Gillie was saving money to hire a lawyer and intended to turn himself in.

(4) Gillie had been wearing clothing similar to those worn by the robber the last time Cox saw him.

Although not cumulative, these matters were either supported by other evidence (the hair found in the hat matched Gillie's, Tr. p. 348), were not very important to the prosecutor's case (Gillie being short of money), or actually were favorable to the defense (Gillie's intention to turn himself in).

The only important evidence to come from Cox and only Cox was his statement that Gillie was wearing blue pants and a blue shirt when he last saw him three days prior to the bank's robbery. Given the overall strength of the prosecution's case, however, this bit of information would not have brought an otherwise uncertain jury to a guilty verdict.

The other evidence in the case included: (1) two independent identifications of defendant as the robber by workers at the bank; (2) defendant's presence in the area of the bank two days prior to the robbery; (3) Gillie's cash purchase, under an assumed name, of a car the day following the robbery; and (4) Gillie's abandonment of the car he had been using a short distance from the bank. There was a great deal of identification and circumstantial evidence which was brought forth from sources other than Roger Cox. As the Indiana Supreme Court indicated, Cox's testimony was relatively unimportant.

The last factor mentioned above relates to cross-examination otherwise allowed. Although petitioner was not able to confront the witness on the day of trial, his prior testimony was read into the record *in toto*—prior cross-examination included. Therefore, even though he did not have the opportunity for live cross-examination before the jury, his earlier questioning of the witness was made a part of the record.

Considering all the evidence in the trial record and the findings of the Supreme Court of Indiana, this Court concludes that the admission of the prior testimony of Roger Cox, although improper, was harmless beyond a reasonable doubt.

*Conclusion*

Therefore, the Petition for Writ of Habeas Corpus should be DENIED. This cause is accordingly DISMISSED with prejudice.