James A. JACKSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 21A04–9403–PC–120.

Court of Appeals of Indiana,
Fourth District.

Nov. 21, 1994.

Transfer Denied Jan. 18, 1995.

James A. Jackson, pro se.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

CHEZEM, Judge.

### Case Summary

Appellant-defendant, James Jackson ("Jackson"), appeals the trial court's denial of his petition for post-conviction relief. We affirm.

### Issues

Jackson presents two issues for our review, which we restate as follows:

**1.** IC 35–42–5–1.

I. whether Jackson's motion for a change of judge should have been granted; and, II. whether double jeopardy bars Jackson's conviction and sentence for both robbery and confinement.

### Facts and Procedural History

On January 15, 1992, Jackson was charged by information with Robbery[1], a class C felony, and Confinement[2], a class D felony. Jackson pled guilty to both charges. The trial court sentenced Jackson to eight years for Robbery and three years for Confinement and ordered the sentences to be served consecutively.

On June 8, 1993, Jackson filed a pro se petition for post-conviction relief. With his petition, Jackson also filed a motion for a change of judge. After a hearing, the post-conviction court denied Jackson's motion for a change of judge. On January 25, 1994, the post-conviction court denied Jackson's petition for relief.

### Discussion and Decision

#### I.

Jackson argues that the post-conviction court erred in denying his motion for a change of judge. Preliminarily, the State contends that Jackson has waived review of this issue because Jackson failed to include in the record a transcript of the hearing held on Jackson's motion. We disagree. An appellant waives his right to appellate review of an issue when he fails to present this court with a record adequate for review. *Adams v. State* (1989), Ind.App., 539 N.E.2d 985. Waiver does not result simply from failing to include all parts of the record. Indeed, our appellate rules require an appellant to transmit to this court only those parts of the record that are necessary for review of the issues to be asserted upon appeal. *See* Ind. App.R. 7.2(B). The transcript of the hearing on Jackson's motion is not necessary for our review of this issue.

Jackson contends that Indiana Post–Conviction Rule 1, § 4(b) provides for an

**2.** IC 35–42–3–3.

automatic change of judge if the petitioner files his motion in a timely manner and complies with the form required by the rule. The rule, in pertinent part, provides:

> Change of venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel.

The rule previously had been viewed as providing an automatic change of judge. *See State ex rel. Rondon v. Lake Superior Court* (1991), Ind., 569 N.E.2d 635; *Tucker v. State* (1991), Ind.App., 581 N.E.2d 455. However, our supreme court recently decided that the better interpretation was that the rule provided for neither an automatic nor a discretionary change of judge. *State ex rel. Whitehead v. Madison County Circuit Court* (1993), Ind., 626 N.E.2d 802. Rather, "the rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice." *Id.* at 803.

■ In his affidavit, Jackson asserted his belief that the post-conviction court judge was biased against him because the judge had previously been the county's chief probation officer when Jackson was on probation as a juvenile, and in that capacity he had signed the petition to revoke Jackson's probation. The post-conviction court, in denying Jackson's motion, found that his juvenile probation revocation was unrelated to the present conviction. We agree. The facts alleged in Jackson's affidavit do not support a rational inference of bias or prejudice. *See Rankin v. State* (1990), Ind., 563 N.E.2d 533 (no error in denial of motion for change of judge in habitual offender proceeding where trial judge had signed information charging earlier felony when he was prosecuting attorney); *Bentley v. State* (1981), 275 Ind. 67, 414 N.E.2d 573 (no error in trial judge's failure to disqualify himself where he had served as defendant's parole officer in the past); *cf. Calvert v. State* (1986), Ind.App., 498 N.E.2d 105 (trial judge erred in not recusing himself where he had appeared in present case as prosecutor).

## II.

■ Jackson argues that the post-conviction court erred in denying his petition for relief. The petitioner at a post-conviction hearing has the burden of proving that he was entitled to relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Jones v. State* (1989), Ind., 544 N.E.2d 492. On appeal, this court will not set aside the denial of a post-conviction petition unless the evidence is without conflict and leads unerringly to a result different from that reached by the post-conviction court. *Id.; Propes v. State* (1990), Ind., 550 N.E.2d 755.

Jackson contends that double jeopardy bars his conviction and sentence for both robbery and confinement. Jackson cites this court's decision in *Ryle v. State* (1990), Ind. App., 549 N.E.2d 81, 84–85, where we stated:

> The elements of robbery ... are knowingly or intentionally taking property from the presence of another person (1) by using or threatening the use of force on any person, or (2) by putting any person in fear. IC 35–42–5–1 (1988). Necessarily or inherently included offenses are those which must first be committed in order to commit the greater offense. *See, e.g., West v. State* (1950), 228 Ind. 431, 92 N.E.2d 852 (rape requires the commission of battery); *Hitch v. State* (1972), 259 Ind. 1, 284 N.E.2d 783 (robbery includes theft). If property is taken from a person or from a person's presence by force, threat of force, or by placing the person in fear— i.e., where robbery is established—the element of force, whether actual, threatened, or constructive, constitutes the crime of confinement defined as a substantial interference with a person's liberty.

> In other words, force equals confinement, albeit brief, However, any confinement of the victim beyond that inherent in the force used to effectuate the robbery constitutes a violation of the confinement statute apart from the violation inherent in the offense of robbery.

Where an act or transaction violates two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one for purposes of double jeopardy is whether each provision requires proof of an additional fact which the other does not. *Bigler v. State* (1992), Ind. App., 602 N.E.2d 509, *trans. denied; Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The offenses of robbery and confinement each require proof of an element that the other does not, and therefore pass the *Blockburger* test. *Brim v. State* (1984), Ind., 471 N.E.2d 676. However, a complete double jeopardy analysis continues with an examination of the factual basis alleged by the State in the information or indictment upon which the charges are predicated. *Wethington v. State* (1990), Ind., 560 N.E.2d 496.

Where confinement is charged with another crime which inherently includes a restraint on the victim's liberty, and the language of the charging instruments alleges the same factual basis for the confinement charge and the facts necessary to prove an element of the robbery charge, then convictions on both violate double jeopardy and cannot stand. *Wethington, supra.* However, this is not the case here.

The information charging Jackson with robbery alleged that Jackson "did knowingly or intentionally take property from another person, to wit: Francis Leonard, by using force on Francis Leonard." The information charging Jackson with confinement alleged that Jackson "did knowingly or intentionally confine another person without the other person's consent, to wit: Francis Leonard."

The charging instruments make no allegations of any specific facts, but instead simply repeat the language of the respective statutes. As we have already noted, the statutory offenses of robbery and confinement do not violate double jeopardy because each offense contains an element that the other does not. *Brim, supra.* Under *Ryle* and *Wethington,* double jeopardy concerns only

arise when the facts alleged in the charging instruments do not distinguish the factual bases of the two offenses. Here, other than identifying the victim, the informations allege no factual bases whatsoever. Therefore, a double jeopardy challenge cannot be premised on the informations themselves because the manner in which the offenses were charged, i.e. repetition of the statutory language, precludes an argument that the factual bases alleged in the informations do not show that the offenses are distinct.[3]

It seems that the more appropriate challenge to the informations could have been by way of a motion to dismiss for failure to allege sufficient facts to enable Jackson to properly evaluate any possible double jeopardy implications. *See U.S. v. Sloan* (1991), 7th Cir., 939 F.2d 499 (to meet constitutional standards, a charging instrument must state all of the elements of the offense charged, inform the defendant of the nature of the charges against him so that a defense can be prepared, and enable the defendant to evaluate any possible double jeopardy problems presented by the charge). However, any challenge to the adequacy of an information must be made by a motion to dismiss prior to the arraignment. *Marshall v. State* (1992), Ind.App., 602 N.E.2d 144. The failure to do so is regarded as waiver. *Id.* Here, at no time before the trial court did Jackson move to have the charges dismissed for any reason. Therefore, any allegation of error which could have been made concerning the informations has been waived.

Affirmed.

RATLIFF, Senior Judge, and ROBERTSON, J., concur.

---

**3.** We also note the record clearly shows, and the post-conviction court specifically found, that the force used to confine the victim was beyond that necessary to effectuate the robbery.