79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James A. JACKSON, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 95-2420.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.[1]
Decided March 14, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Jackson filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court denied the petition and Jackson appealed. We affirm.
 
 FACTS
 
 2
 On January 15, 1992, Jackson was charged by information with robbery and confinement. The information for robbery stated:
 
 
 3
 ... Defendant, on or about January 9, 1992, at the County of Fayette in the State of Indiana, did knowingly or intentionally take property from another person, to wit:
 
 
 4
 Frances Leonard, by using force on Frances Leonard,....
 
 
 5
 (State Record at 135).
 
 The information for confinement stated:
 
 6
 ... Defendant, on or about January 9, 1992, at the County of Fayette in the State of Indiana, did knowingly or intentionally confine another person without the other person's consent, to wit: Frances Leonard,....
 
 
 7
 (State Record at 136).
 
 
 8
 Indiana defines criminal confinement as follows:
 
 A person who knowingly or intentionally:
 
 9
 (1) confines another person without the other person's consent; or
 
 
 10
 (2) removes another person, by fraud, enticement, force, or threat of force, from one place to another; commits criminal confinement,.... Ind.Code § 35-42-3-3.
 
 Indiana defines robbery as follows:
 
 11
 A person who knowingly or intentionally takes property from another person or from the presence of another person:
 
 
 12
 (1) by using or threatening the use of force on any person; or
 
 
 13
 (2) by putting another person in fear; commits robbery,....
 
 
 14
 Ind.Code § 35-42-5-1.
 
 
 15
 The record indicates that Jackson and his cohorts decided to rob Ms. Leonard. The offenders drove to Ms. Leonard's home, where Jackson's cohorts left the vehicle, entered Leonard's dwelling and tied her up. Jackson then entered Leonard's home and assisted his accomplices in the removal of various items from the home.
 
 
 16
 On February 24, 1993, Jackson pleaded guilty to both charges, and was sentenced to consecutive terms of eight years for robbery and three years (suspended) for confinement. The plea agreement provided that Jackson waived his right to a direct appeal. One of the other key features of the plea agreement was that the state agreed not to seek to have Jackson sentenced as a habitual offender, which would have resulted in a thirty-year sentence enhancement and a total sentence of forty-one years. (State Record at 28). Jackson filed a pro se petition for post-conviction relief on June 8, 1993. The petition was denied, and Jackson appealed. The Indiana Appellate Court construed Jackson's materials as raising two issues:
 
 
 17
 1. whether the trial court erred in denying the motion to recuse;
 
 
 18
 2. whether double jeopardy barred his conviction for both robbery and confinement.
 
 
 19
 The Indiana appellate court affirmed the trial court in all respects. Jackson v. State, 643 N.E.2d 905 (Ind.App.1994). The court concluded that there was no double jeopardy problem, as robbery and confinement each contain an element the other does not and the charging instruments did not rely on a common factual basis. Id. at 908. The court noted that Jackson could have challenged the informations on the grounds they contained an inadequate factual basis; however, the court held any such challenge was waived because no motion was made to dismiss the charges before trial. Id. The Indiana Supreme Court declined review.
 
 
 20
 Jackson then filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that: (1) his plea was not knowingly and intelligently given due to the inadequacies in the charging instruments; (2) he was denied effective assistance of counsel; (3) his convictions for both robbery and confinement constitute double jeopardy; (4) there was an inadequate factual basis to support his convictions. The district court denied the petition. The court concluded that the ineffective assistance claims and the claims regarding the factual adequacy of the charging instruments were waived. The court also concluded that the plea was proper and there was no double jeopardy.
 
 
 21
 On appeal, Jackson raises largely the same, intertwined arguments:
 
 
 22
 1) that the district court erred in concluding the ineffective assistance claim was waived because he raised the claim in his petition to the Indiana Supreme Court;
 
 
 23
 2) that counsel was ineffective because he never moved for a more definite statement or ascertained what facts that state intended to prove;
 
 
 24
 3) the informations were factually inadequate;
 
 
 25
 4) the convictions constituted double jeopardy because the only force involved in the crime was related to the robbery;
 
 
 26
 5) the guilty plea was not voluntary because there was an insufficient factual basis presented to enable Jackson to relate the law to the facts.
 
 ANALYSIS
 
 27
 A federal court cannot address the claims raised in a prisoner's petition for a writ of habeas corpus unless the state courts have had a full and fair opportunity to review them. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 502 U.S. 944 (1991). Further, the constitutional claims must be fairly presented to the state court as constitutional claims, including both the operative facts and controlling legal principles. Williams v. Washington, 59 F.3d 673, 677 (7th Cir.1995). A finding of procedural default in state court that is based upon an adequate and independent state law ground precludes review of the merits of petitioner's claims, unless the petitioner can establish cause for the procedural default and actual prejudice resulting from it or that failure to review the claims would result in a miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Ineffective assistance of counsel can establish cause for a procedural default. Id. at 2567. As this court recently emphasized "[f]orfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996). If "the last state court to address a question reaches the merits without invoking a rule of forfeiture, the question is open on collateral review under § 2254." Id.
 
 
 28
 1. Inadequate Informations/Ineffective Assistance
 
 
 29
 Jackson's claim that the informations were factually inadequate is procedurally barred. The claim was never presented to the Indiana Appellate Court and the court specifically found that the claim was waived. See Jackson, 643 N.E.2d at 908. Jackson claims the default should be excused, as he can establish cause and prejudice. Jackson claims ineffective assistance provides the "cause." However, Jackson never presented the claim that counsel was ineffective in failing to object to the allegedly inadequate informations to the state courts. Ineffective assistance of counsel can only be utilized as "cause" for a default if it was raised as an independent claim before the state courts. Lostutter v. Peters, 50 F.3d 392, 395 (7th Cir.1995), cert. denied, 116 S.Ct. 130 (1995). See also Farrell, 939 F.2d at 411-12.[2]
 
 
 30
 The question of whether Jackson raised any ineffective assistance claims is somewhat more complex. The district court concluded he did not, and the Indiana Appellate Court clearly did not read his submissions as raising such claims. A review of Jackson's brief to the Indiana Appellate Court (Record # 10, Exhibit 1) is inconclusive. While he criticizes his attorney's performance and uses some of the proper terminology, he makes his presentation only in the larger framework of his arguments that his plea was involuntary and that his convictions constituted double jeopardy.
 
 
 31
 Even if Jackson is given the benefit of the doubt on this claim, his argument fails. Jackson maintains counsel was ineffective because he failed to seek out what facts the prosecution intended to prove. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient (performance prong) and that the errors were so serious as to deprive the petitioner of a proceeding whose result is reliable (prejudice prong). Williams, 59 F.3d at 679. In the context of a guilty plea, the prejudice prong can be restated as a reasonable probability that, but for counsel's errors, the petitioner would have gone to trial instead of pleading guilty. Banks v. Hanks, 41 F.3d 1187, 1189 (7th Cir.1994). Jackson's contention appears to be another way of challenging the rather spartan informations. Even if we grant to Jackson that counsel's inaction was an error, he makes no showing that the error had prejudicial consequences. Jackson makes no showing that the state would have had any difficulty filing an amended information providing additional facts. Further, Jackson has conceded that he took part in the robbery, and if he had insisted on going to trial he would have been sentenced as a habitual offender. It seems unlikely Jackson would have selected a thirty-year sentence as a habitual offender over a three-year suspended sentence for confinement.
 
 2. Double Jeopardy
 
 32
 Jackson maintains that the robbery and confinement convictions constitute double jeopardy. Jackson argues that the only "confinement" was during the application of force utilized to carry out the robbery; thus the confinement was not a separate additional crime. Jackson relies heavily upon Wethington v. State, 560 N.E.2d 496 (Ind.1990); Wells v. State, 568 N.E.2d 558 (Ind.App.1991); Ryle v. State, 549 N.E.2d 81 (Ind.App.1990).
 
 
 33
 The Double Jeopardy Clause of the Fifth Amendment provides that no one will "be subject for the same offence to be twice put in jeopardy of life or limb." See Jacobs v. Marathon County, Wis., 73 F.3d 164, 166 (7th Cir.1996). The clause protects against multiple punishments for the same offense. Id. The test to be utilized in ascertaining whether there are properly two offenses or only one is whether each charge requires proof of a fact the other does not. Id. at 167 (citing Blockburger v. United States, 284 U.S. 299 (1932)).
 
 
 34
 There is no meaningful dispute that the crimes of robbery and confinement have different elements.[3] Petitioner is correct that Indiana law provides that a person cannot be convicted of robbery and confinement where the only confinement results as a consequence of the force applied to commit the robbery. See Ryle, 549 N.E.2d at 84-85. However, Indiana law permits a conviction for both robbery and confinement if there is "... any confinement of the victim beyond that inherent in the force used to effectuate the robbery...." Id. See also Wells, 568 N.E.2d at 563. In this case, even if the initial binding of the victim constituted the "force" element of the robbery, the fact remains that the victim was left bound after the robbery ended, which indicates the confinement continued beyond what was necessary to effectuate the robbery. Cf. Wells, 568 N.E.2d at 563-64; Ryle, 549 N.E.2d at 85 (collecting cases).
 
 3. Guilty Plea
 
 35
 Jackson maintains his guilty plea was not knowing and voluntary because an inadequate factual basis was provided for the crimes. Jackson claims that he could not properly relate the facts to the law and make a knowledgeable assessment of the prosecution's case. This claim fails.
 
 
 36
 A valid guilty plea is a voluntary and intelligent choice among alternative courses of action available to the defendant. Parke v. Raley, 113 S.Ct. 517, 523 (1992) (plea required to be knowing and voluntary). There is no constitutional requirement that a factual basis be presented to support a guilty plea; Fed.R.Crim. 11(f)'s standards and its state law counterparts are not constitutional requirements. Higgason v. Clark, 984 F.2d 203, 207-8 (7th Cir.1993), cert. denied, 113 S.Ct. 2974 (1993). However, whether a choice to plead guilty is informed depends upon what is known by the defendant, and where it is impossible to find guilt from the facts presented, the court may conclude the plea was involuntary. Id. at 208.
 
 
 37
 A review of the plea transcript indicates the plea was knowing and voluntary, as the state judge discussed the plea and its consequences in great detail with Jackson. (See State Record at 46-63). Further, the transcript indicates an adequate factual basis was presented, as Jackson was asked to describe the crime in his own words, with the prosecutor given the opportunity to describe additional circumstances. (Id. at 60-62). Given that Jackson was well aware of the consequences if he was sentenced as a habitual offender, there is nothing to indicate his decision to plead guilty was anything but a voluntary and knowledgeable weighing of his options.
 
 
 38
 AFFIRMED.
 
 
 
 [1]
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, and the appeal is submitted on the briefs and the record
 
 
 [2]
 Jackson argues that the state court's conclusion that any challenge to the information must be made at arraignment or be waived is improper, as he did not have counsel at the arraignment. This claim drops out, however, as the state court focused on the fact no challenge was made to the information at any time in the trial court. Jackson, 643 N.E.2d at 908
 
 
 [3]
 Petitioner's reliance on Wethington and Wells is unavailing. Both cases concluded that a person could not be convicted of both robbery and confinement where the charging instruments presented the same factual basis for both offenses. See Wethington, 560 N.E.2d at 507-508; Wells, 568 N.E.2d at 563-64. The charging instruments in this case contained no common factual allegations