Francis E. PHILLIPS,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 49A02–8604–CR–134.

Court of Appeals of Indiana,
Third District.

Nov. 13, 1986.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant/appellant Francis E. Phillips was charged by information with two counts of child molesting pursuant to IND. CODE § 35–42–4–3(c) and (d) (1982). The acts comprising the charges were alleged to have occurred on or about June 1, 1985. The defendant entered a notice of alibi defense pertaining to June 1, 1985. The trial court then granted a motion by the State to amend the information and the State added Count III which charged child molesting, a Class C felony, pursuant to IND.CODE § 35–42–4–3(c) occurring between February 15 and March 1, 1985.

The defendant was found guilty of Count III only after a bench trial and was sentenced to five years imprisonment, plus costs. Phillips appeals this determination alleging the trial court erred in permitting the amendment to the information, failing to mitigate the sentence and finding sufficient evidence to support the judgment.

Phillips urges that the amended information was too vague in that the acts are alleged to have occurred "between February 15, 1985 and March 1, 1985."

IND.CODE § 35–34–1–2(a)(5) and (6) (1982) provide:

"(a) The indictment or information shall be in writing and allege the commission of an offense by:

\* \* \* \* \* \*

(5) stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;

(6) stating the time of the offense as definitely as can be done if time is of the essence of the offense[.]"

In addition, case law has established the standard for substantial compliance with these statutory requirements:

"The form of a charging information is governed by Ind.Code § 35–34–1–2 (Burns 1985 Repl.). The document must set forth, among other things not relevant here, the title of the action, the name of the offense, the statutory provision alleged to have been violated, the date and place of the offense, and the nature and elements of the alleged offense. An information must be sufficiently clear to protect the accused from subsequent prosecution for the same offense and to apprise him of the character of the charge against him so that he may intelligently prepare a defense. *Dorsey*

*v. State* (1970), 254 Ind. 409, 260 N.E.2d 800; *Banks v. U.S.* (1956), 140 F.Supp. 837."

*McCune v. State* (1986), Ind., 491 N.E.2d 993, 994.

■ Phillips was charged with child molesting. The time of the offense is not of the essence and therefore did not have to be specifically alleged pursuant to the statute. The information only had to "state the time 'with sufficient particularity to show that the offense was committed within the statute of limitations.' " *Kelsie v. State* (1976), 265 Ind. 363, 354 N.E.2d 219, 223, *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 541. Such a determination of the case at bar is consistent with that of *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249, *trans. denied*, wherein this Court found legally sufficient an information charging incestuous sexual intercourse " 'on or about the fifth day of December, 1970 to on or about the fifth day of September, 1973 ...,' " *Id.*, 335 N.E.2d at 256 (decided pursuant to IND. CODE § 35–3.1–1–2 which preceded the present statute referred to above), against a challenge by the defendant that the information was insufficient to inform the accused of the charge against him.

■ Phillips avers, however, that because of the nonspecific date of the acts, he is subjected to the possibility of subsequent prosecutions for the same acts within the same time frame in violation of his right to be free from double jeopardy. Initially it should be noted that it is the record, not just the indictment or information, which provides protection from subsequent prosecutions for the same offense, *U.S. v. Roman* (7th Cir.1984) 728 F.2d 846, *cert. denied*, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 832, *Russell v. U.S.* (1962) 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, as it is the imposition of two sentences for the same injury to the same victim inflicted by the same act of the defendant which violates the federal and state prohibitions against double jeopardy. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1089.

As the plea of double jeopardy is an affirmative defense, the burden is on the defendant to establish the fact both prosecutions are for the same offense. *U.S. v. Roman, supra*. The defendant must establish that the offenses charged require proof of the same facts. If one charge requires proof of an additional fact that the other does not, the offenses are not the same and the defendant is not twice put in jeopardy. *Smith v. State* (1985), Ind., 477 N.E.2d 857. Thus the determination focuses on whether or not the offenses are the same, not whether they arose from the same acts or circumstances. *Id.*

These rules as to pleading and proving double jeopardy will apply to the defendant in exactly the same way they apply to all other defendants if he is subsequently charged with an offense, and any offense covered by the present conviction could not be the subject of a subsequent conviction. Therefore there is no double jeopardy problem created by the amended information.

■ In addition, Phillips argues the amendment to the information was erroneously allowed because the addition of Count III was simply to avoid Phillips' alibi defense to Counts I and II. The amendment, however, was accomplished within the requirements of IND.CODE § 35–34–1–5 and was therefore properly granted. The defendant's original defense, *i.e.* alibi for June 1, 1985, was equally available after the amendment and the defendant offered no defense which was precluded by the amendment. Therefore there has been no showing of prejudice caused by the amendment and no error. *See, Graves v. State* (1986), Ind., 496 N.E.2d 383, 387.

Phillips next asserts the trial court erred in failing to mitigate the sentence. Phillips was convicted of a Class C felony. He received the presumptive five-year sentence pursuant to IND.CODE § 35–50–2–6 and asserts that this sentence is excessive considering the circumstances of the present case.

The trial court has discretion in the matter of sentencing. Our review of the sentence involves a two-step procedure set out

recently in *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 145, quoting from *Cunningham v. State* (1984), Ind.App., 469 N.E.2d 1, *trans. denied:*

" 'Under the above authority, we perceive a two-step appellate procedure in this area. We will review a sentence on appeal only when at first blush the sentence imposed appears to be "disproportionate," that is, "manifestly unreasonable in light of the nature of the offense and the character of the offender." If after review we determine "no reasonable person could find such sentence appropriate to the particular offense and offender," we will revise the sentence on appeal so as to make such sentence appropriate.' "

 In this case, the sentence is not manifestly unreasonable. A sentencing hearing was conducted. The trial court ordered a presentence report. The trial court stated that it considered both the evidence adduced at the hearing and the presentence report and assessed those considerations set forth in IND.CODE § 35–38–1–7(a) applicable in all cases. Having made these considerations, the trial court specifically stated it could find no aggravating or mitigating circumstances and imposed the presumptive sentence. The presumptive sentence is that set by our legislators as reasonable in a case void of mitigating or aggravating circumstances. It is therefore not manifestly unreasonable and is affirmed.

Finally, Phillips asserts the verdict is not supported by sufficient evidence in that the testimony of the victim was not unequivocal and could not meet the beyond a reasonable doubt standard. The appellate court does not assess the credibility of witnesses as that is the function of the factfinder. Any imprecision in the testimony goes to the weight to be given the witness's assertions. *McEachern v. State* (1985), Ind.App., 474 N.E.2d 1034. The factfinder determines the weight and credibility to be accorded the testimony, and inconsistent testimony is not necessarily unworthy of belief for that reason alone.

*Mullins v. State* (1985), Ind.App., 486 N.E.2d 623. Here as in *Mullins* the testimony was not inherently incredible. The victim gave testimony as to the sexual acts which occurred with the defendant. He detailed the sexual acts which occurred during these encounters. He indicated the places where these acts occurred. Although he did not give exact dates of all occurrences, he gave testimony indicating approximate time frames by reference to other activities. Even though the testimony was not always consistent as to details, the main thrust of the sexual acts occurring was the same throughout. There was thus sufficient evidence to support the conviction.

No error having been shown, the trial court judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.