**Jesse WRIGHT, III, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9506–CR–372.

Court of Appeals of Indiana.

May 8, 1996.

William D. McCarty, Anderson, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

KIRSCH, Judge.

Jesse Wright III was convicted of two counts of confinement,[1] as Class B felonies, attempted carjacking,[2] as a Class B felony, and child molesting,[3] as a Class A felony, and challenges his sentence. We consolidate and restate the issues as follows:

I.  Whether his convictions for confinement in connection with attempted carjacking and child molesting constitute double jeopardy.

II.  Whether the trial court erred in the imposition and length of his sentence

We reverse Wright's confinement convictions and the sentences based thereon, and we affirm his sentences for attempted carjacking and child molesting.

### FACTS AND PROCEDURAL HISTORY

On August 23, 1994, Wright approached S.B., then thirteen years old, while she was waiting for her school bus. He drew a knife, placed it against her body, and forced her to walk to his apartment. Inside his apartment, Wright forced her to submit to sexual intercourse. Later that morning, Wright approached Carla Rich, in a parking lot, twisted her arm behind her back, drew his knife, and demanded that she give him her car. Rich escaped and notified the police.

Wright pled guilty to two counts of criminal confinement, one count of child molest-

---

1.  *See* IC 35–42–3–3.

2.  *See* IC 35–41–5–1; IC 35–42–5–2.

3.  *See* IC 35–42–4–3.

**4**

ing, and one count of attempted carjacking. The court sentenced Wright to ten years for criminal confinement, forty years for child molesting, and ten years for attempted carjacking. The sentences for criminal confinement were to run concurrently with the sentences for child molesting and attempted carjacking, which were to run consecutively, resulting in an overall total of fifty years. Wright now appeals.

## DISCUSSION AND DECISION

### I. Double Jeopardy

### A. Confinement and Attempted Carjacking

Wright first asserts that his convictions for confinement and attempted carjacking violate the constitutional prohibition against double jeopardy set forth in the United States [4] and Indiana Constitutions.[5] We agree.

■ When an act or transaction violates two distinct statutory provisions, double jeopardy analysis requires us to determine: (1) whether each provision requires proof of an additional fact which the other does not; and, (2) whether the two offenses are based on different factual allegations in the State's charging information. *Wethington v. State,* 560 N.E.2d 496, 506–07 (Ind.1990). An examination of the statutory elements of confinement and carjacking reveal that each provision requires proof of an element that the other does not. A person commits criminal confinement when he "knowingly or intentionally: (1) Confines another person without the other person's consent; or (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another...." IC 35–42–3–3. A person commits carjacking when he "knowingly or intentionally takes a motor vehicle from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear...." IC 35–42–5–2. Wright did not complete the carjacking; he was charged and convicted of attempted carjacking. An attempt to commit a crime is defined as "engag[ing] in conduct that consti-

tutes a substantial step toward commission of the crime." IC 35–41–5–1. Thus, confinement requires proof of some form of restraint, and carjacking requires proof of the taking of a motor vehicle. Each requires proof of an element which the other does not, therefore, double jeopardy did not occur under the first part of the *Wethington* test.

■ We reach a different conclusion under the second part of the *Wethington* analysis which requires an examination of the factual basis for the separate offenses in the charging information. *Wethington,* 560 N.E.2d at 507. The charging information for confinement stated, in pertinent part, "JESSE WRIGHT, III, did knowingly confine Carla Rich without her consent, said defendant being armed with a deadly weapon, to-wit: a knife." *Record* at 6. The charging information for carjacking stated:

> "JESSIE WRIGHT, III, did attempt to commit the crime of carjacking by knowingly grabbing and twisting the arm of Carla D. Rich behind her back and placing a knife at her back and, thereafter, demanding that she give her car to him, which conduct constituted a substantial step toward the crime of carjacking, to-wit: taking a motor vehicle from another person...."

*Record* at 7–8. The charging information for confinement makes one specific factual allegation—that the confinement was accomplished through the use of a knife—but in all other respects, merely repeats the language of the statute. The information for carjacking provides specific factual detail concerning Wright's failed attempt to forcibly take Rich's car.

Wright's conviction for confinement and attempted carjacking subjected him to double jeopardy because the facts alleged in the charging instruments fail to distinguish the factual bases of the two offenses. *See Wethington,* 560 N.E.2d at 507; *see also Ryle v. State* 549 N.E.2d 81, 84–85 (Ind.Ct.App.1990) (reversing confinement conviction based on the same facts used to obtain conviction for robbery) *trans. denied.* Here, the acts of

---

4. U.S. CONST. amend. V.

5. IND. CONST. art. I, § 14.

confinement, twisting Rich's arm behind her back and placing a knife at her back, serve as the element of force necessary to prove the attempted carjacking. Because the confinement charge does not allege that Wright employed any force beyond the force alleged in the attempted carjacking charge the crimes as charged violate the prohibitions against double jeopardy. Therefore, we reverse the conviction and sentence for the confinement of Carla Rich.

## B. Confinement and Child Molesting

■ Wright also asserts that double jeopardy principles bar his conviction for confinement with respect to child molesting. We agree.

Confinement and child molesting are statutorily distinct offenses because the former offense requires some substantial restraint on a person's liberty, while the latter offense requires proof of sexual intercourse or deviate sexual conduct with a child. *See* IC 35–42–3–3; IC 35–42–4–3 (anyone who performs or submits to sexual intercourse or deviate sexual conduct with a child under fourteen commits child molesting). Unlike rape and robbery, child molesting does not require any proof of force during the commission of the crime. *See, e.g.,* IC 35–42–5–1 (defining robbery as taking of property from another by force or threat of force); IC 35–42–4–1 (defining rape as sexual intercourse with a member of the opposite sex by force or imminent threat of force). Force is relevant with respect to child molesting to enhance the crime from a Class B to a Class A felony. *See* IC 25–42–4–3. Such was the case here. Proving the common element of force in confinement, rape, and robbery, has often resulted in a violation of double jeopardy when defendants are convicted of confinement in connection with the latter crimes. *See Wethington,* 560 N.E.2d at 508 (confinement and robbery); *Wells v. State,* 568 N.E.2d 558, 563 (Ind.Ct.App.1991) (confinement, attempted rape, and robbery); *Griffin v. State,* 583 N.E.2d 191, 193 (Ind.Ct.App.1991) (confinement and robbery) *reh'g denied.* The underlying reason is that force constitutes the crime of confinement. *Ryle,* 549 N.E.2d at 84. Thus, in order to avoid double jeopardy,

the State must sufficiently distinguish the factual bases for the force constituting confinement and the force which is an element or the basis for the enhancement for the other crime.

Because force is not an ordinary element of child molesting, convictions for confinement and child molesting would be prohibited by double jeopardy only in a narrow set of circumstances. The present case falls within this narrow area due to the manner in which the offenses were charged. The *Wethington* analysis requires the State to allege a separate factual basis for each crime charged. 560 N.E.2d at 507. Here, the State did not fulfill its burden. The information for S.B.'s confinement stated: "JESSE WRIGHT, III, did knowingly *confine [S.B.] without her consent, said defendant being armed with a deadly weapon, to-wit: a knife.*" *Record* at 6 (emphasis added). The information for child molesting stated:

> "JESSE WRIGHT, III, being sixteen (16) years of age or older, did knowingly have sexual intercourse and deviate sexual conduct with a child of the opposite sex, twelve (12) years of age or older, but under the age of fourteen (14) years of age, to-wit: thirteen (13) years of age; when such child, to-wit: [S.B.] was *compelled by force and the imminent threat of force, to-wit: the exhibition of a knife . . . .*"

*Record* at 37 (emphasis added). The confinement information fails to set forth specific factual allegations necessary to distinguish it from the force element used in the charging information for child molesting. The force used in the confinement charge was based on Wright's use of the knife. That same force was the sole basis for enhancing the child molesting charge from a Class B felony to a Class A felony. Because the State charged Wright with child molesting as an A felony, it had to allege a separate factual basis for the force used to confine the victim and the force used to enhance the child molest. Its failure to do so requires that the conviction and sentence for confinement be vacated.

In so holding, we note that another panel of this court reached a different conclusion when presented with a similar situation. *See Jackson v. State,* 643 N.E.2d 905 (Ind.Ct.

App.1994) *trans. denied.* In *Jackson,* the appellant's convictions for robbery and confinement were held not to violate double jeopardy when the State, in its charging information did not allege separate factual bases for the two charges, but only replicated the statutory language of the robbery and confinement statutes. *Id.* at 908. Because robbery and confinement are statutorily distinct offenses, the court held that merely tracking the language of the respective statutes precluded any double jeopardy challenge to the factual inadequacy of the charging informations. *Id.*

We do not follow *Jackson* because the charging informations here set forth an identical force element used in both the confinement and child molesting charges. The information for the former charge set forth a minimal level of factual detail, while the latter information provided greater detail. This was not sufficient, however, to satisfy the second part of the *Wethington* analysis where our supreme court held that the State has the responsibility of providing separate factual allegations upon which the two charges are based. *See Wethington,* 560 N.E.2d at 508 (double jeopardy occurs "where the language of the charging instruments makes no distinction between the factual basis for the confinement charge and the facts necessary to the proof of an element of the other crime.") Therefore, conviction on both charges resulted in double jeopardy.

## II. SENTENCING

### A. Sentence Enhancement

Wright asserts that the trial court erred in the enhancement of his sentence for attempted carjacking and child molesting because it failed to find aggravating factors. We disagree.

▪ Sentencing decisions rest within the sound discretion of the trial court. *Peoples v. State,* 649 N.E.2d 638, 640 (Ind.Ct. App.1995). Such discretion includes the right to enhance a presumptive sentence. *Id.* A single aggravating factor may support the enhancement of a sentence, and that same factor may be used to enhance a presumptive sentence or to impose consecutive

sentences. *Miller v. State,* 634 N.E.2d 57, 64 (Ind.Ct.App.1994).

▪ If a trial court enhances a sentence, it must include a statement identifying all significant aggravating and mitigating circumstances, the reasons supporting those circumstances, and how such circumstances were balanced in determining the sentence imposed. *Brehm v. State,* 558 N.E.2d 906, 909 (Ind.Ct.App.1990). We will, however, affirm a sentence enhancement in spite of a trial court's failure to specifically articulate its reasons if the record indicates that the court engaged in the evaluative processes and the sentence imposed was not manifestly unreasonable. *Harris v. State,* 616 N.E.2d 25, 32 (Ind.Ct.App.1993), *trans. denied.* Consideration of mitigating factors is not mandatory and also lies within the court's discretion. *Brehm,* 558 N.E.2d at 909.

▪ Here, Wright was convicted of attempted carjacking as a Class B felony, for which the presumptive sentence is ten years. He was also convicted of child molesting as a Class A felony, which carries a presumptive sentence of thirty years. *See* IC 35–50–2–4 (conviction for a Class A felony results in a thirty year presumptive sentence). The trial court enhanced the child molesting conviction ten years. The court's sentencing statement articulated the reasons for the enhancement of Wright's sentence: the risk that he would commit another crime, the nature and circumstances of the crimes committed, a prior criminal record, violation of the terms of his probation, and the need for correctional treatment provided by a penal institution. With respect to the nature and circumstances of Wright's crimes, the court, in the sentencing hearing, specifically stated that Wright's actions in molesting S.B. and attempting to carjack Rich constituted a reign of terror. *Record* at 145. It went further to state that the serious nature of the crimes surrounding S.B.'s abduction at knife point and subsequent sexual victimization were previously unheard of in the community. *Record* at 149. The court's consideration of the specific facts of Wright's actions revealed the violent nature and circumstances of his crimes. The trial court did not abuse its discretion in imposing consecutive sentences.

### B. Manifestly Unreasonable Sentence

Wright finally asserts that his sentence of fifty years is manifestly unreasonable. We disagree.

We will find a sentence to be manifestly unreasonable only where no reasonable person could find the challenged sentence appropriate to the particular offense and offender. Ind.Appellate Rule 17(B)(2); *Guenther v. State*, 501 N.E.2d 1071, 1073 (Ind. 1986). Wright abducted a thirteen-year-old girl at knife point while she was waiting for her school bus, and took her back to his apartment where he forcibly molested her. A few hours later, he placed a knife in the back of another woman, twisted her arm, and attempted to steal her car. In light of the seriousness of the crimes, a reasonable person could certainly conclude that fifty years is a proper sentence. Thus, we find no error here.

Wright's convictions and sentence for criminal confinement are reversed. His sentences for attempted carjacking and child molesting are affirmed.

FRIEDLANDER, and DARDEN, JJ., concur.