Ted Allen BUZZARD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A03–9805–CR–222.

Court of Appeals of Indiana.

June 17, 1999.

Transfer Denied Aug. 25, 1999.

Thomas E. Hastings, Brown & Hastings, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Ted Allen Buzzard ("Buzzard") appeals his conviction of two counts of child molesting, Class B felonies, Ind.Code § 35–42–4–3; and two counts of child molesting, Class C felonies, Ind.Code § 35–42–4–3(b).

We affirm.

### ISSUES

I.   Whether the charging instrument insufficiently specified the dates of the offenses thereby failing to protect Buzzard from future prosecution for the same offenses.

II.   Whether the trial court erred in allowing the State to refresh a witness' recollection.

III.   Whether the trial court erred by limiting Buzzard's cross-examination of a witness.

IV.   Whether the evidence was sufficient to support Buzzard's conviction for criminal deviate sexual conduct.

V.   Whether the trial court erred in sentencing Buzzard.

### FACTS AND PROCEDURAL HISTORY

From approximately June 1, 1990, to approximately December 16, 1991, three sisters, eight-year old Ma.G., eleven-year old Me.G., and ten-year old T.G., spent several nights at the trailer home of their aunt and uncle. The girls usually slept in the same bed in the back bedroom of the trailer. On at least three occasions, Buzzard, their uncle, entered the bedroom where the girls were sleeping and engaged in various sexual acts with them.

Buzzard's nephew, six-year old R.Y., also spent a night at Buzzard's trailer. R.Y. and his younger brother, P.J., slept in the back room of Buzzard's trailer. R.Y. was awakened when Buzzard entered the bedroom. Buzzard engaged in a sexual act with him.

On January 3, 1992, the State filed five counts of child molesting against Buzzard. A jury trial was held on December 29th and December 30th of 1992, which resulted in convictions on all counts. On February 18, 1993, Buzzard was sentenced to an executed term of fifty-two years. We reversed those convictions on September 13, 1996, and remanded the matter for a new trial. *Buzzard v. State,* 669 N.E.2d 996 (Ind.Ct.App.1996).

The fifth count against Buzzard was severed, and the second trial on the first four counts against Buzzard began on December 15, 1997, and continued through December 17, 1997. The jury convicted Buzzard on all four counts. Buzzard was sentenced on January 14, 1998, to 15 years on Count I, 15 years on Count II, four years on Count III, and four years on Count IV, to be served consecutively. This appeal followed after a motion to correct errors was denied.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE CHARGING INFORMATION

Buzzard claims that the charging information filed against him was insufficient in that it failed to describe with particularity the time the alleged molestations occurred. He claims that he could not present an effective alibi defense at trial, and could not raise a double jeopardy defense in the event future allegations are brought against him.

The State contends that Buzzard has waived this argument because he failed to challenge the factual allegation in the charging informations prior to his arraignment and trial. The State cites to *Jackson v. State*, 643 N.E.2d 905, 908 (Ind.Ct.App.1994), *trans. denied*, in support of this argument. In *Jackson*, we stated that any challenge to the adequacy of an information must be made by a motion to dismiss prior to the arraignment. *Id.* Failure to do so is regarded as waiver. *Id.*

Buzzard attempts to avoid waiver of this argument by claiming that the error contained in the charging information amounts to fundamental error. In order to be fundamental, error must be so prejudicial to the rights of a defendant that he could not have received a fair trial. *Marshall v. State*, 602 N.E.2d 144, 147 (Ind.Ct.App.1992), *trans. denied*. Waiver may be avoided only if the mistake constitutes a clearly blatant violation of basic and elementary principles and the resulting harm or potential for harm must be substantial. *Id.*

Ind.Code § 35–34–1–2(a)(5) and (6) state as follows:

(a) The indictment or information shall be in writing and allege the commission of an offense by:

\* \* \*

(5) stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;

(6) stating the time of the offense as definitely as can be done if time is of the essence of the offense;

We have held that the time of the offense is not of the essence in cases involving allegations of child molesting. *Phillips v. State*, 499 N.E.2d 803, 805 (Ind.Ct.App.1986). Further, the exact date of the offense becomes important only in circumstances where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies. *Downs v. State*, 656 N.E.2d 849, 852 (Ind.Ct.App.1995).

Specifically, Buzzard contends that the time period alleged in the complaint is so broad that he could not present an effective alibi defense at trial. Moreover, he claims that he could not defend against future prosecution by use of a double jeopardy defense.

However, we have held that it is the record, not just the indictment or the information, which provides protection from subsequent prosecutions for the same offense. *Phillips*, 499 N.E.2d at 805. Imposition of two sentences for the same injury to the same victim inflicted by the same act of the defendant violates the federal and state prohibitions against double jeopardy. *Id.*

In the present case, the information alleged that the charged events took place from approximately June 1, 1990 to December 16, 1991. At trial, the State conceded that Buzzard was in Florida from March to September of 1990. Moreover, Buzzard claimed that his bedridden father stayed in the trailer from January to June of 1991. The victims testified that Buzzard's father was not in the trailer when they stayed with Buzzard. Therefore, the crimes charged had to have occurred between September of 1990 to January of 1991, and June of 1991 to December 16, 1991. We find no fundamental

error. *See Thurston v. State,* 472 N.E.2d 198, 201 (Ind.1985) (two month period of weekly Thursday meetings lasting approximately 3 hours each is sufficient); *Merry v. State,* 166 Ind.App. 199, 335 N.E.2d 249 (1975) (allegation that molestation occurred between December 5, 1970 and September 5, 1973 was sufficient); *Phillips,* 499 N.E.2d at 805–05 (allegation that molestation occurred between February 15, 1985 and March 1, 1985 was sufficient).

## II. REFRESHED RECOLLECTION TESTIMONY

On appeal, Buzzard claims that the trial court erred by allowing the State to elicit refreshed testimony from T.G. without laying the proper foundation for the testimony. Buzzard claims that this error entitles him to a new trial.

◼ However, the State correctly points out that Buzzard's objection at trial was to the leading nature of the State's questions posed to T.G. The following is the objection made at trial:

HASTINGS: Judge we're going to object to any leading questions. The young lady said she's testified to everything she knows and but, but with my questions and also his questions.

COURT: So what's your objection?

HASTINGS: My objection is he's going to show her prior testimony ah in order to lead her into an answer. If he, if he's got [a][sic]question he can ask the question, if she can answer the question. But to show her her prior question and answer on direct examination is not proper.

(R. 623–24). The trial court overruled the objection and then adjourned for the day.

The next day Buzzard requested that the trial court strike a portion of T.G.'s testimony based upon "my objection to essentially refresh her memory with her statement." (R. 626). The trial court overruled the motion to strike a portion of T.G.'s testimony.

◼ Buzzard cannot raise an argument on appeal which is different from the argument raised at trial. *Jones v. State,* 536 N.E.2d 267, 274 (Ind.1989), *reh'g. denied.* Because the argument made here on appeal, lack of

foundation, was not raised at the trial level, the issue is waived on appeal. Ind. Appellate Rule 8.3(A)(7).

## III. LIMITATION OF CROSS–EXAMINATION

Buzzard claims that the trial court committed reversible error by limiting his ability to cross-examine T.G. Buzzard contends that he was denied his right of confrontation under the Sixth Amendment to the United States Constitution and the right to face-to-face confrontation with witnesses against him under Article 1, § 13 of the Indiana Constitution.

◼ The right of confrontation assured by the Sixth Amendment requires that a defendant be afforded an opportunity to conduct a full, adequate, and effective cross-examination. *Ingram v. State,* 547 N.E.2d 823, 827 (Ind.1989). The Indiana Constitution guarantees a defendant the right to face-to-face confrontation with witnesses against him. *Arndt v. State,* 642 N.E.2d 224, 228 (Ind.1994). This right is subject to reasonable limits a trial court, in its discretion, may impose upon cross-examination. *Id.* Reversal is warranted only for a clear abuse of this discretion. *Id.* A defendant will succeed in showing an abuse of discretion by the trial court in the limitations imposed upon cross-examination if he can show prejudice by the trial court's actions. *Braswell v. State,* 550 N.E.2d 1280, 1282 (Ind.1990).

◼ In the present case T.G. testified on direct examination, was cross-examined by Buzzard, testified on re-direct examination, was re-cross-examined by Buzzard, and testified again on re-re-direct examination. Buzzard was charged with and convicted of child molesting, a Class C felony for fondling or touching T.G. with the intent to arouse or satisfy his sexual desires. On re-re-direct examination, T.G. testified for the first time that Buzzard had engaged in brief digital penetration of T.G. Buzzard now contends that the trial court erred by denying him the opportunity to re-re-cross-examine T.G. on this issue.

Buzzard's defense to the charge involving T.G. was that he did not touch her. T.G.

testified prior to re-re-direct examination that Buzzard had touched her. Thus, the issue before the jury was one of credibility. The trial court's limitation of Buzzard's ability to re-re-cross-examine T.G. was reasonable in light of the fact that Buzzard already had challenged T.G.'s credibility during the two previous cross-examinations of her, and penetration had no bearing on the charges against Buzzard as they related to T.G. We do not find that Buzzard was prejudiced by the limitation on cross-examination exercised by the trial court.

## IV. SUFFICIENCY OF THE EVIDENCE OF SEXUAL DEVIATE CONDUCT

Buzzard contends that the evidence presented regarding Count I, child molesting, a Class B felony, is insufficient and that we should reverse his conviction as to this offense. At the end of the State's case against him, Buzzard moved for a judgment on the evidence pursuant to Ind. Trial Rule 50(A), as to Count I. The trial court denied Buzzard's motion.

Judgment on the evidence, pursuant to T.R. 50(A), is properly granted only where there is a total absence of evidence on some essential issue or where the evidence is without conflict and is susceptible to only one inference and that inference is in favor of the defendant. *Stewart v. State*, 688 N.E.2d 1254, 1258 (Ind.1997).

Buzzard also contends that the trial court erred by failing to enter a judgment of acquittal as to Count I against him under T.R. 59(J). A trial court may enter judgment under T.R. 59(J)(7) upon a determination that a jury verdict is clearly erroneous as contrary to or not supported by the evidence. *Id.*

In the present case, Buzzard was charged with criminal deviate sexual conduct for placing his penis in Ma.G.'s mouth on one occasion. Ma.G. did not testify to that incident. However, Me.G. testified that on one occasion she saw Buzzard place his penis in Ma.G.'s mouth, which was open, while Ma.G. was asleep.

Buzzard claims that Me.G.'s testimony was incredibly dubious, and that since hers was the only testimony regarding Count I, that a judgment of acquittal should be entered. The incredible dubiosity rule provides a court with the opportunity to impinge upon the jury's duty to judge the credibility of witnesses when the testimony is inherently improbable, or coerced, equivocal, or wholly uncorroborated. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994). The rule applies to situations involving the testimony of a sole witness whose inherently contradictory testimony is equivocal or the result of coercion. *Id.* The State correctly points out that Me.G. never wavered in her testimony that Buzzard placed his penis in Ma.G.'s mouth. The only discrepancy in her testimony centered around the duration of the event to which she was testifying. There was no evidence of coercion.

The trial court was correct in denying Buzzard's T.R. 50 motion and by not entering a judgment of acquittal pursuant to T.R. 59(J)(7).

## V. SENTENCING

Sentencing decisions rest within the sound discretion of a trial court and are reviewed for an abuse of discretion. *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind.1996). A sentence authorized by statute will not be revised on appeal unless the sentence is manifestly unreasonable. *Id.*

Buzzard alleges that the trial court erred by sentencing him to consecutive terms on the four counts of child molesting. First, he contends that the court improperly considered the victims' ages as an aggravating factor. The State correctly points out that initially the trial court did consider the age of the victims as an aggravating factor during sentencing. However, after the hearing on the motion to correct errors the trial court withdrew that factor from its consideration in pronouncing Buzzard's sentence because the trial court recognized that the age of the victims was an element of the offenses.

Second, Buzzard argues that while the court properly considered evidence of his prior criminal history and that he held a

position of trust with the victims, the trial court did not state why these aggravators justified an enhancement of the sentences and imposition of consecutive sentences.

■ One aggravating factor is sufficient to enhance the presumptive sentence and to impose consecutive sentences. *Davidson v. State*, 558 N.E.2d 1077, 1092 (Ind. 1990). The trial judge determines the weight to be given any aggravating or mitigating factors during sentencing. *Grund v. State*, 671 N.E.2d 411, 418 (Ind.1996).

■ In the present case the trial court found[1] Buzzard's history of criminal activity, Buzzard's position of trust with the victims, and that the molestations occurred on a number of occasions to be aggravating factors. Any one of those factors standing alone is sufficient to both enhance the presumptive sentences and to justify an order that the sentences run consecutively.

■ Buzzard argues that pursuant to *Wright v. State*, 665 N.E.2d 2, 6 (Ind.Ct.App. 1996), when the trial court enhances a sentence, it must include a statement identifying all significant aggravating and mitigating circumstances, the reasons supporting those circumstances, and how such circumstances were balanced in determining the sentence imposed. A sentence enhancement will be affirmed in spite of a trial court's failure to specifically articulate its reasons if the record indicates that the court engaged in the evaluative processes and the sentence imposed was not manifestly unreasonable. *Id.* Consideration of mitigating factors is not mandatory and also lies within the court's discretion. *Id.*

■ While it is unfortunate that the entire sentencing hearing was not recorded fully and transcribed for our evaluation, the entry provided by the trial court is adequate to show that the court engaged in the proper evaluation and weighing processes regarding the aggravating and mitigating factors presented.

**1.** Part of the sentencing hearing was not recorded due to an equipment problem. The portion of the hearing which was recorded was transcribed.

■ Buzzard contends that the trial court erred in sentencing him by failing to relate any details to show that Buzzard was in need of treatment best provided by a penal facility. Buzzard cites to *Moore v. State*, 569 N.E.2d 695, 699 (Ind.Ct.App.1991), *trans. denied,* in support of his position that the trial court should have related details concerning why Buzzard needed treatment at a penal facility, and that the trial court should have used more than conclusory language with regard to this factor. Here again, the malfunction of the recording equipment during Buzzard's sentencing hearing is unfortunate. However, the court's entry on sentencing reflects that the court considered the following:

> ... that the Defendant could best be treated in a penal facility as this removed him from society and away from the children where he could not prey on children while being treated.....

(R. 824A). The entry reflects more than just conclusory language regarding this factor.

■ Buzzard's final contention regarding sentencing is that the trial court erred by failing to find Buzzard's good behavior at the Indiana Department of Correction as a mitigating factor. Buzzard claims that the trial court should have taken into consideration Buzzard's good conduct. As previously stated, the trial court assigns the weight to be given any aggravating or mitigating circumstances. *Grund,* 671 N.E.2d at 418.

In the present case, the record reflects that the trial court engaged in an evaluation of the factors relevant to sentencing. With regard to Buzzard's behavior while incarcerated the trial court found as follows:

> ... The Court did not find any mitigating factors notwithstanding the Defendant's good record while in prison.

(R. 824A). Therefore, the record reflects that the trial court did consider Buzzard's conduct while incarcerated. The trial court chose not to find the good conduct to be a mitigating factor. This decision was within the trial court's discretion, and the sentence

The record was supplemented by court order to include an entry summarizing what occurred during the hearing.

seems reasonable under the facts of this case.

Judgment affirmed.

BAILEY, J., and NAJAM, J., concur.