Jesus **MENDOZA, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 12A05–0002–CR–89.

Court of Appeals of Indiana.

Oct. 17, 2000.

Rehearing Denied Jan. 4, 2001.

Rafael Ramirez, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant Jesus Mendoza (Mendoza) appeals the sentence he received for his conviction of three counts of possession of marijuana, Class D felonies, Ind.Code § 35–48–4–10, and one count of maintaining a common nuisance, a Class D felony, Ind.Code § 35–48–4–13.

We affirm.[1]

### ISSUES

Mendoza raises two issues on appeal, which we restate as follows:

1. Whether the trial court erred when it enhanced Mendoza's sentence.

2. Whether the trial court erred when it sentenced Mendoza to consecutive terms of imprisonment.

### FACTS AND PROCEDURAL HISTORY

On September 9, 1999, Mendoza was convicted of three counts of possession of marijuana, Class D felonies, Ind.Code § 35–48–4–10, Counts III – V, and one count of maintaining a common nuisance, a Class D felony, Ind.Code § 35–48–4–13,

---

[1]. We additionally GRANT the State's Motion to Reconsider and Order Mendoza to reimburse the State $400.00 for the transcription cost of the Supplemental Record of Proceedings. The Supplemental Record of Proceedings was necessary for our review of Mendoza's argument regarding whether his consecutive sentences were prohibited under *Beno v. State,* 581 N.E.2d 922 (Ind.1991) and Ind.Code § 35–50–1–2.

Count VI.[2] Mendoza was subsequently sentenced to the Department of Correction for three (3) years for one conviction for possession of marijuana, Count III, and one and one-half years (1½) years for each of the other two convictions of possession of marijuana, Counts IV and V. Additionally, Mendoza was sentenced to three (3) years for his conviction of maintaining a common nuisance, Count VI. The sentences for Counts III and VI were enhanced to the maximum terms. The sentences for Counts IV and V were ordered to run concurrent with each other, but consecutive to the other sentences. Further, the sentences for Counts III and VI were ordered to run consecutive to each other and to the sentences for Counts IV and V. Thus, Mendoza received a total aggregate sentence of seven and one-half (7½) years.

This appeal followed.

## DISCUSSION AND DECISION

### I. *Enhancement of Sentence*

Mendoza argues that the trial court's sentence was manifestly unreasonable because the trial court enhanced two of his sentences beyond the presumptive sentences. Essentially, Mendoza complains that the trial court considered improper aggravating circumstances and failed to consider his proffered mitigating circumstances. In this case, the trial court enhanced Mendoza's sentence for one conviction of possession of marijuana, Count III, from the presumptive sentence of one and one-half (1½) years to the maximum sentence of three (3) years. *See* Ind.Code § 35–50–2–7. The trial court also enhanced Mendoza's sentence for maintaining a common nuisance from the presumptive sentence of one and one-half (1½) years to three (3) years. *See* Ind.Code § 35–50–2–7. The State contends that the

enhancement of these two sentences by the trial court was proper. We agree.

It is within the trial court's discretion to determine Mendoza's sentence and thus, the trial court's sentence here will be reversed only upon a showing of abuse of that discretion. *See Ballard v. State,* 715 N.E.2d 1276, 1279 (Ind.Ct.App. 1999). "We will not revise a sentence that is authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is manifestly unreasonable if no reasonable person could consider the sentence appropriate." *Ladd v. State,* 710 N.E.2d 188, 192 (Ind.Ct.App. 1999). We review cases under this rule with the knowledge that reasonable minds may differ on the appropriateness of a sentence, and due to the degree of subjectivity involved in the sentencing process, it is not appropriate for a reviewing court to substitute its opinion for that of the trial court. *Id.*

When enhancing a sentence, the trial court must identify all significant mitigating and aggravating circumstances. *Johnson v. State,* 725 N.E.2d 864, 867 (Ind. 2000). However, the weight to be given any one aggravating or mitigating factor is to be determined by the trial judge during sentencing. *Ballard,* 715 N.E.2d at 1279. One aggravating factor alone is sufficient to impose consecutive sentences and to enhance the presumptive sentence. *Buzzard v. State,* 712 N.E.2d 547, 554 (Ind.Ct. App.1999), *trans. denied.* Additionally, an enhanced sentence may be imposed when the only aggravating circumstance is the defendant's prior criminal history. *Isaacs v. State,* 673 N.E.2d 757, 765 (Ind.1996).

### A. *Aggravating Circumstances*

Here, the trial court found the following aggravating factors with regard to the sentence for Count III, possession of

**2.** Additionally, Mendoza was found not guilty on Count I, dealing in cocaine, a Class A felony, Ind.Code § 35–48–4–1, and Count II, dealing in cocaine, a Class B felony, Ind.Code § 35–48–4–1.

marijuana: (1) the nature of the offense; (2) the large quantity of marijuana involved; (3) Mendoza's prior criminal history; and (4) Mendoza's illegal status in the United States. Because one aggravating factor is sufficient to enhance the presumptive sentence, and since the defendant's prior criminal history is a sufficient aggravating factor, the trial court's sentence with regard to Count III, possession of marijuana, was not manifestly unreasonable. *See Id., Buzzard,* 712 N.E.2d at 554.

With regard to the sentence for Count VI, maintaining a common nuisance, the trial court found as aggravating factors: (1) that a reduced sentence would depreciate the seriousness of the crime as the crime affects the public at large; and (2) the property was repeatedly used for the delivery and sale of drugs, which required an unusual degree of care and planning. Although a sentencing court may consider as an aggravating factor the possibility that a reduced sentence might depreciate the seriousness of the crime, this factor may only be used when considering the imposition of a sentence of a shorter duration than the presumptive sentence. *Mitchem v. State,* 685 N.E.2d 671, 679 (1997). It may not be used for enhancing a sentence or imposing consecutive sentences. *Id.* Thus, the trial court improperly considered this factor in enhancing Mendoza's sentence for maintaining a common nuisance.

However, the trial court also found as an aggravating factor the unusual degree of care and planning Mendoza used in maintaining the drug operation on his property. The care and planning used in preparation for a crime is an appropriate aggravator for a sentencing court to consider. *Bustamante v. State,* 557 N.E.2d 1313, 1322 (Ind.1990). Therefore, because one aggravator alone is sufficient to enhance a sentence, the trial court's enhanced sentence with regard to Mendoza's conviction for maintaining a common nuisance was not manifestly unreasonable. *See Buzzard,* 712 N.E.2d at 554.

### B. *Mitigating Circumstances*

Mendoza also contends that the trial court did not properly consider his proffered mitigating factors. "[A] trial court is not required to make a finding of mitigating factors, nor explain why it had chosen not to do so." *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996). Furthermore, "a judge need not afford the same weight to mitigating evidence as the defendant suggests," *Herrera v. State,* 679 N.E.2d 1322, 1326 (Ind.1997), and the trial court is not obligated to accept a defendant's version of what constitutes mitigating circumstances. *Magers v. State,* 621 N.E.2d 323, 324 (Ind.1993).

Therefore, even though Mendoza asserted certain factors he believed were mitigating, including his alcohol and drug use, the nonviolent nature of the crimes, the likelihood that he would be deported which would eliminate the chances of further crimes, and the fact that he was sought out by the police, the trial court was not required to find these mitigators as significant. Moreover, despite Mendoza's contentions otherwise, the trial court did consider the likelihood that Mendoza would be removed from this country. However, in addressing this matter, the trial court noted that Mendoza had been previously deported from this country and nonetheless returned and became involved in criminal activity. Thus, the trial court concluded that there was a potential for this type of crime to continue.

Additionally, the Record reveals that Mendoza did initiate contact with the police on one occasion that led to one of the convictions for possession of marijuana. Thus, his contention that he was sought out by the police is not completely accurate. Therefore, because the trial court is given the discretion to determine the weight to be given mitigating circumstances, the trial court did not err in this case by not finding Mendoza's proposed mitigators significant.

## II. *Consecutive Sentences*

Mendoza also argues that the trial court erred in ordering his sentences to run consecutively. Mendoza's sentences for Count III, possession of marijuana, and Count VI, maintaining a common nuisance, were ordered to run consecutive to each other and to his sentences for Counts IV and V, two counts of possession of marijuana. Consequently, Mendoza received a total aggregate sentence of seven and one-half (7½) years.

A trial judge must find at least one aggravating factor in order to impose consecutive sentences. *Morgan*, 675 N.E.2d at 1073. However, "a single aggravating factor may support the enhancement of a sentence, and that same factor may be used to enhance a presumptive sentence or to impose consecutive sentences." *Wright v. State*, 665 N.E.2d 2, 6 (Ind.Ct.App.1996). Thus, because we have previously concluded that the trial court found appropriate aggravating factors with regard to both convictions at issue, those aggravating factors are also sufficient to support the imposition of consecutive sentences here.

Nonetheless, Mendoza argues that the trial court erred in ordering consecutive sentences because the convictions all relate to one criminal episode. In support of this argument, Mendoza relies on *Beno*, 581 N.E.2d 922. In *Beno*, our supreme court found the defendant's sentence of seventy-four (74) years to be unreasonable. *Id.* at 923. Beno was convicted of one count of dealing in cocaine as a Class A felony, one count of dealing in cocaine as a Class B felony, and maintaining a common nuisance, a Class D felony. *Id.* Beno sold similar amounts of cocaine to an informant on two occasions, four days apart. The trial court sentenced Beno to the maximum sentence for each conviction and ordered his sentences to run consecutively although the State had requested concurrent sentences. *Id.* at 923, 924. Our supreme court found that "because the crimes committed were nearly identical

State sponsored drug buys," the imposition of consecutive sentences was inappropriate. *Id.* at 924. However, the *Beno* court noted that, "[o]ur decision does not question a trial judge's discretion to both aggravate a sentence to its maximum amount and determine that the sentences should run consecutively. We simply hold that, *in this case*, such sentencing is not appropriate." *Id.* (emphasis added).

In response, the State argues that the *Beno* decision is factually distinguishable from the case at bar. We agree. Here, Mendoza's crimes were not virtually identical. The first buy occurred on February 12, 1998, when Mendoza sold marijuana purported to weight three (3) pounds to a confidential informant (C.I.) and an undercover police officer. The police officer, Detective Jeffries (Jeffries), later determined that the marijuana weighed only one and three-quarters (1¾) pounds, and therefore, the C.I. called Mendoza to complain that Mendoza had misrepresented the amount sold. During this conversation, Mendoza offered to sell the C.I. more marijuana, and on February 16, 1998, the C.I. bought four (4) ounces of marijuana from Mendoza. During this buy, the C.I. told Mendoza that he was interested in buying more marijuana and Mendoza told him that he was expecting a three hundred (300) pound shipment from Texas. In March 1998, the C.I. and Jeffries met with Mendoza, and Jeffries indicated that he wanted to purchase a large quantity of marijuana, perhaps twenty (20) pounds or more, from Mendoza. On April 7, 1998, Mendoza paged Jeffries and met with him later that evening. At the meeting Mendoza informed Jeffries that he could sell him twenty (20) pounds of marijuana the next day. However, on April 8, 1998, Jeffries met with Mendoza and Mendoza informed him that he had not yet received the shipment and thus, was unable to sell him the twenty (20) pounds of marijuana. Nevertheless, on that same date, Mendoza sold Jeffries a smaller quantity of marijua-

na, seven (7) ounces, that he had obtained from another source.

Although, the first two buys in this case occurred four days apart, the second buy happened only because Mendoza misrepresented the amount he sold in the first buy. Furthermore, the third buy occurred several weeks after the first two buys and was initiated by Mendoza. Also, the first two buys involved the confidential informant, while the third buy involved only the undercover police officer. Additionally, the amount of marijuana sold differed significantly for each buy. Thus, because we find that the drug buys involved in this case were not "virtually identical," we do not find *Beno* controlling here. Moreover, it is important to note that the *Beno* decision is further distinguishable from the case at bar because Mendoza was convicted of possessing marijuana while Beno was convicted of dealing cocaine.

■ Mendoza also argues that the imposition of consecutive sentences in his case is contrary to Ind.Code § 35–50–1–2. This statute provides in pertinent part as follows:

Consecutive and concurrent terms:

. . .

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, **the total of the consecutive terms of imprisonment,** exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, **to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.**

Ind.Code § 35–50–1–2(c) (emphasis added). Thus, Mendoza argues that the maximum total sentence he could receive under this statute is a total of four (4) years. The most serious felony that Mendoza was convicted of was a Class D felony and four (4) years is the presumptive sentence for the next higher class, a Class C felony. *See* Ind.Code § 35–50–2–6(a).

■ However, this statute only applies if the felony convictions arise out of "an episode of criminal conduct." Ind.Code § 35–50–1–2(c). An episode of criminal conduct is defined by this statute as meaning "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind.Code § 35–50–1–2(b). In determining whether certain convictions amount to a single criminal episode, we should consider whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge. *Chavez v. State,* 722 N.E.2d 885, 896 (Ind.Ct.App.2000) (quoting *Tedlock v. State,* 656 N.E.2d 273, 276 (Ind.Ct. App.1995)).

Here, as previously discussed, each marijuana sale occurred on different dates and involved different amounts of marijuana. Further, while the first sale was initiated by the C.I., the second and third sale was initiated by Mendoza. Additionally, the third sale did not involve the C.I. and was made to the undercover police officer. Consequently, we conclude that the crimes resulting in Mendoza's convictions were committed during distinct episodes of criminal conduct and each episode was sufficiently unrelated and may be described independently without referring to the specific details of the other.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly sentenced Mendoza to an aggregate sentence of seven and one-half (7½) years.

Affirmed.

BAILEY, J., and BARNES, J., concur.