

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED
Oct 10 2013, 5:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MEGAN B. QUIRK**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDRICK D. MCCLURE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1302-CR-196 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-0901-FC-1

**October 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Fredrick D. McClure's participation in a drug court forensic diversion program was revoked after a number of violations. As a result, the trial court ordered McClure to serve his previously stayed sentence. On appeal, McClure challenges the trial court's determination that the stayed sentence was eight rather than four years.

We affirm.

The State charged McClure with three counts of class C felony forgery. On August 3, 2009, the parties entered into a plea agreement in which McClure agreed to plead guilty to two counts of forgery and the State agreed to dismiss the remaining count. With respect to McClure's sentence, the agreement provided in relevant part:

7. The parties agree that the defendant shall receive the following sentence:

**As to Count 1:**

a. **Four years to the Indiana Department of Corrections executed, to be served consecutively to Count 2:**
b. **The Defendant agrees to cooperate and assist the Muncie Police Department in the investigation of the murder of Jennifer Strafford…. A violation of this provision of the plea agreement may result in revocation of the previously stayed sentence;**

**\*\*\*\***

**As to Count 2:**

f. **Four (4) years to the Indiana Department of Corrections, executed, to be served consecutively to Count 1.**

8. Execution of said sentence of four (4) years shall be stayed, on condition of the Defendant's successful completion of the Delaware County Forensic Diversion Program.

\*\*\*\*

2

*Appendix* at 76 (emphasis in original).[1]  The trial court accepted the plea agreement and entered convictions on Counts 1 and 2.  The sentencing order set out McClure's sentence with a verbatim recitation of paragraph 7 of the plea agreement.  Like paragraph 8 of the plea agreement, the order also included the conflicting provision that "[e]xecution of said sentence of four (4) years" shall be stayed on condition of McClure's successful completion of the diversion program.  *Id*. at 83.

McClure violated the terms of the diversion program and, following a hearing on December 11, 2012, the trial court revoked McClure's participation in the program and scheduled a sentencing hearing.  At the hearing on January 23, 2013, the parties and the court discussed the apparent ambiguity in the original sentencing order regarding whether the stayed sentence was four or eight years.  The court acknowledged inconsistency within the sentencing order and indicated:  "I want to go back and listen to the record of the sentencing hearing…or, of the change of plea hearing, ok."  *Transcript* at 91.  Defense counsel did not object, and the matter was continued.

The hearing resumed on January 29, 2013, after the trial court and the parties had an opportunity to review the record of the change of plea hearing from 2009.  With respect to the record, the court stated:

> So, well I mean listening to the record Mr. McClure, not once, not twice, not three times but four times I asked you if you understood that the plea agreement required the…that if you violated the terms of the plea agreement, you would be sentenced to eight years, four years on each count consecutive and your response on those occasions were that you understood.

---

[1]  The agreement also provided that failure to complete the entire program "shall result in the immediate execution of the defendant's sentence".  *Id*. at 77.

*Id.* at 101. Accordingly, the trial court ordered that McClure serve his previously stayed, eight-year sentence in the Indiana Department of Correction, with credit for time served.

On appeal, McClure concedes that there is an "obvious ambiguity" regarding whether the sentence imposed and stayed in 2009 was four or eight years. *Appellant's Brief* at 12. This ambiguity originated in the plea agreement with paragraphs 7 and 8 and was carried into the 2009 sentencing order. Boiled down, McClure's sole argument on appeal is that the trial court could not look to the record of the change of plea hearing to determine the intended length of the stayed sentence. McClure, however, did not make this argument below. Rather, he acquiesced to the trial court's stated decision to review the record from the hearing. He cannot now be heard to complain.[2]

The trial court's review of the hearing record revealed that the clear intention of the parties and the court at the time of sentencing was to impose an eight-year sentence (that is, two consecutive four-year sentences), which would be stayed pending completion of the diversion program. Thus, the inconsistent references to "said sentence of four (4) years" in paragraph 8 of the plea agreement and in the corresponding portion of sentencing order were clerical errors. Accordingly, the trial court did not err in ordering execution of McClure's eight-year sentence following his unsuccessful completion of the diversion program.

Judgment affirmed.

---

[2] In arguing to the trial court for a four-year sentence, McClure made vague references to "some due process concerns" and raised questions regarding the voluntariness of his plea "if we were to go beyond a four year stayed sentence." *Transcript* at 96. On appeal, McClure asserts a different argument that the court could not look to extrinsic evidence when construing the plea agreement and sentencing order. This is an improper attempt to raise an argument on appeal that is different from the argument raised below. *See Buzzard v. State*, 712 N.E.2d 547 (Ind. Ct. App. 1999), *trans. denied*.

BAKER, J., and VAIDIK, J., concur.